UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICARDO CASTILLO, et al., | CASE NO. C17-1573JLR |
| Plaintiffs, | ORDER ON MOTION TO DISMISS |
| v. | |
| UNITED RENTALS, INC., | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Defendant United Rentals, Inc.'s ("United Rentals") motion to dismiss Plaintiff Ricardo Castillo's class and collective actions claims in their entirety. (MTD (Dkt. # 16).)  The court has considered the motion, the parties' submissions in support of and in opposition to the motion to dismiss, the relevant portions of the record, and the applicable law.  No party has requested oral argument.  (*See* MTD; Resp. (Dkt. # 19).)  Being fully advised, the court GRANTS in part and DENIES in part United Rentals's motion to dismiss.

## II.    BACKGROUND

Mr. Castillo brings a class and collective action on behalf of current and former employees of United Rentals, asserting various wage and hour claims under federal and state law.  (*See generally* Compl. (Dkt. # 1).)  United Rentals is a company that rents various equipment.  (*Id.* ¶¶ 17, 19.)  Mr. Castillo, and other putative class and collective members, worked as Equipment Associates for United Rentals.  (*Id.* ¶ 16.)  Equipment Associates perform tasks such as taking inventory, preparing rental equipment for delivery, checking and fixing rental equipment, loading and unloading rental equipment, and resolving other customer needs.  (*Id.* ¶ 4.)  Mr. Castillo worked for United Rentals from February 2, 2002, until December 2016 in Woodinville, Washington.  (*Id.*)  He was classified as a non-exempt, hourly employee and usually earned around $22.25 per hour. (*Id.* ¶ 22.)

Mr. Castillo primarily challenges United Rentals's wage and hour practices.  Mr. Castillo alleges that Equipment Associates were "typically scheduled to work over ten hours a day, five days per week."  (*Id.* ¶ 23.)  He further alleges that they were "often denied compensation for all hours worked, including overtime for work in excess of forty hours per week."  (*Id.*; *see also id.* ¶ 79 ("United Rentals regularly required [employees] to work in excess of forty hours per week, but did not compensate them at an overtime rate.").)  Employees purportedly received "incorrect wage statements" that did not accurately reflect the hours they worked.  (*Id.* ¶ 29.)  Moreover, United Rentals often required employees to work off-the-clock, which increased the amount of overtime compensation that employees did not receive.  (*Id.* ¶ 79.)

Mr. Castillo also brings claims pertaining to United Rentals's denial of meal or rest breaks. United Rentals allegedly required employees to "perform significant work off-the-clock and without compensation during meal periods." (*Id.* ¶ 24; *see also id.* ¶ 89 ("[Employees] are routinely required to work through rest and meal periods to assist customers and managers with work-related inquiries.").) Moreover, United Rentals purportedly "deducts thirty minutes per workday for meal periods, or alters the timekeeping records to show a thirty-minute meal period, despite the fact that work is too demanding to allow [employees] to take full, legally compliant thirty-minute meal periods." (*Id.*) Thus, employees work off-the-clock and without compensation through their lunch period. (*Id.*) Even when employees are able to take a break, Mr. Castillo asserts that the breaks are "often interrupted and less than thirty minutes" because United Rentals requires them to abandon their breaks to assist customers who call or arrive at the store. (*Id.* ¶ 25.) This time that the employees work allegedly goes "unrecorded and uncompensated." (*Id.* ¶ 28.)

Based on these practices, Mr. Castillo brings both an opt-in collective action asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and an opt-out class action asserting violations of Washington state law pursuant to Federal Rule of Civil Procedure 23. (*Id.* ¶¶ 32, 40.) Specifically, Mr. Castillo alleges that United Rentals: (1) failed to compensate employees with minimum and overtime wages as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*; (2) failed to pay employees minimum wage as required by the Washington Minimum Wage Act ("WMWA"), RCW §§ 49.46, *et seq.*; (3) failed to pay employees overtime wages as required by the WMWA; (4) failed

to permit employees to take meal and rest breaks; (5) failed to pay all wages due upon termination in violation of RCW 49.46.090; (6) willfully refused to pay wages owed in violation of RCW 49.52.050; and (7) violated the Washington Consumer Protection Act ("CPA"), RCW §§ 19.86, *et seq.*, through its unfair and deceptive wage practices. (Compl. ¶ 3.)  United Rentals moves to dismiss all of Mr. Castillo's claims for failure to state a claim.  (*See* MTD.)  The court now addresses the motion.

## III.    ANALYSIS

United Rentals moves to dismiss all of Mr. Castillo's claims for three reasons. (MTD at 1.)  First, United Rentals argues that Mr. Castillo's FLSA and state law claims regarding minimum wage and overtime pay violations consist entirely of conclusory allegations and thus fail to meet the pleading standard set by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014).  (*Id.* at 5-8.)  Second, United Rentals contends that Mr. Castillo's CPA claim independently fails as a matter of law, as a CPA claim cannot rest solely on alleged wage-and-hour violations.  (*Id.* at 8-10.)  Third, United Rentals argues that Mr. Castillo's requests for injunctive and declaratory relief must be dismissed because he, as a former employee, lacks standing to seek such relief.  (*Id.* at 10-11.)

In response, Mr. Castillo concedes that he cannot seek injunctive or declaratory relief and agrees that these requested remedies must be dismissed.  (Resp. at 1 n.1.) Thus, the court dismisses Mr. Castillo's requests for injunctive and declaratory relief. However, Mr. Castillo maintains that he has adequately stated a claim for which relief

//

can be granted.  (*See generally* Resp.)  The court reviews the relevant legal standard on a motion to dismiss before turning to the adequacy of Mr. Castillo's claims.

**A.  Legal Standard**

Dismissal for failure to state a claim "is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the standard "asks for more than sheer possibility that a defendant has acted unlawfully," it is not "akin to a probability requirement." *Id.*  Thus, the plausibility requirement "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" liability for the alleged misconduct. *Twombly*, 550 U.S. at 556.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "Mere conclusory statements" or "formulaic recitation[s]

of the elements of a cause of action," however, "are not entitled to the presumption of truth." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss, the court may consider the pleadings, documents attached to the pleadings, documents incorporated therein, or matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)).

In *Landers v. Quality Communications, Inc.*, the Ninth Circuit specifically addressed the pleading standard for wage and hour claims. 771 F.3d at 641-42. *Landers* noted that "[p]re-*Twombly* and *Iqbal*, a complaint under the FLSA for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages." *Id.* at 641. Post-*Twombly* and *Iqbal*, "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty hours during that week." *Id.* at 645. The Ninth Circuit acknowledged that plaintiffs "cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed" because information regarding compensation and scheduling are often "in the control of the defendants." *Id.* Nonetheless, the plaintiff "should be able to allege facts . . . [regarding] at least one workweek," and thus, the complaint must contain "detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646.

//

**B. Mr. Castillo's Claims**

Mr. Castillo pursues seven claims. The first three claims involve minimum wage and overtime violations under federal and state law. (*See* Compl. ¶ 3.) The fourth claim alleges violations of meal and rest break requirements. (*Id.*) The fifth and sixth claims assert other state law violations derivative of his first four claims. (*See id.* ¶¶ 92-102.) The seventh claim alleges a CPA violation. The court addresses the claims in turn.

1. Minimum Wage and Overtime Claims

Mr. Castillos brings three claims concerning United Rentals's alleged violations of minimum wage and overtime pay laws: one under the FLSA and two under Washington state law.[1] The parties sharply disagree on whether *Landers* requires Mr. Castillo to identify a specific calendar week when a violation occurred. (*Compare* MTD at 5-6, *with* Resp. at 5.) United Rentals argues that Mr. Castillo fails his burden of alleging even a single week during which he was entitled to, but denied, minimum wage or overtime pay. (MTD at 5; *see also* Reply (Dkt. # 25) at 3.) Mr. Castillo, on the other hand, asserts that United Rentals's reading of *Landers* is erroneous (Resp. at 13); he maintains that he is not required to identify an exact calendar week or particular instance (*id.* at 5).

*Landers* held that "a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty hours during that

---

[1] The parties agree that the *Landers* pleading standard applies with equal force to minimum wage and overtime claims brought under state law. (*See* MTD at 6; Resp. at 4-5); *see Bailey v. Alpha Techs. Inc.*, No. C16-0727JCC, 2016 WL 4211527, at \*5 (W.D. Wash. Aug. 10, 2016) (applying *Landers* to wage claims brought under state law).

week." 771 F.3d at 645.  The plaintiff in *Landers* alleged that he was subjected to a "piecework no overtime" wage system in which he worked in excess of forty hours per week without overtime compensation.  *Id.* at 640.  Notably missing "was any detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages."  *Id.* at 646.  Thus, post-*Landers*, courts generally find "mere conclusory allegations," like those asserted by the *Landers* plaintiff, insufficient.  *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016).  For example, claims that "class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail" fall short of the *Landers* standard.  *Id.*

However, district courts disagree about how much more specificity *Landers* requires.  *See id.* (recognizing the "varying and possibly inconsistent standards for stating wage-and-hour claims" in *Landers*'s wake).  Some courts have concluded that "in order to state a[n] [FLSA] claim . . . a plaintiff must specify a particular work week in which they were not paid properly."  *Soratorio v. Testoro Refining & Mktg. Co., LLC*, No. CV 17-1554-MWF (RAOx), 2017 WL 1520416, at *5 (C.D. Cal. Apr. 26, 2017).  Others interpret *Landers* not to "require the plaintiff to identify an exact calendar week or particular instance of denied overtime," but instead to supply allegations that give rise to a plausible inference that there was such a particular instance.[2]  *Tan*, 171 F. Supp. 3d at

---

[2] Because of the murkiness of the law, the court disagrees with Mr. Castillo's characterization of United Rentals's motion as "an unnecessary waste of the [c]ourt's and parties' time and resources."  (*See* Resp. at 1.)  Not only is this rhetoric unnecessary, but it also incorrectly implies that the motion is frivolous.  As evidenced by both parties' briefings, the

1008; *see also Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("*Landers* does not require that a 'particular instance' be pled.").

The court need not decide the question of whether Mr. Castillo is required to plead a specific calendar week,[3] however, because even adopting Mr. Castillo's standard, the court finds that he has provided only conclusory—and thus, insufficient—allegations. *Rittman v. Amazon.com, Inc.*, No. C16-1554JCC, 2017 WL 881384 (W.D. Wash. Mar. 6, 2017), is instructive. In that case, the plaintiffs—delivery drivers—alleged that employees' expenses frequently caused their hourly wages to fall below the minimum wage level and that while it often took the drivers more time than was scheduled for them to complete their deliveries, they were not compensated for this extra time. *Id.* at *2. The plaintiffs also alleged that they were not paid overtime for hours they worked in excess of 40 hours per week. *Id.* In support of those allegations, they asserted that one plaintiff "regularly worked in excess of 40 hours per week for Amazon from the period January through June of 2016 but was not been paid [sic] one-and-a-half times his regular rate for any overtime hours." *Id.* Despite these factual allegations, the court concluded

---

pleading standard after *Landers* is a complex issue that has been interpreted differently by different courts.

[3] It is unclear whether *Landers* itself resolved this issue. In describing other circuits' reasoning, *Landers* noted that the Third Circuit explicitly "explained that a plaintiff need not identify precisely the dates and times she worked overtime." 771 F.3d at 644. *Landers* expressed that it was "persuaded by the rationale espoused in the . . . Third Circuit cases," *id.*, but subsequently did not address the issue of precise dates and times in its holding. As discussed above, district courts have differing opinions on the import of *Landers*'s description of the Third Circuit case. *Compare Johnson v. Q.E.D. Envtl. Sys., Inc.*, No. 16-cv-1454-WHO, 2016 WL 4658963, at *4 (N.D. Cal. Sept. 7, 2016) (citing the description of Third Circuit case as *Landers*'s holding), *with Soratorio*, 2017 WL 1520416, at *5 (relying on *Landers*'s "given week" language to require plaintiffs to "specify a particular work week").

that these claims were insufficient under *Landers* because the plaintiffs did not allege a particular workweek in which any plaintiff did not receive minimum wage or overtime compensation. *Id.*

Mr. Castillo's allegations here are even more conclusory than the ones pleaded in *Rittmann*. Mr. Castillo repeatedly states that Equipment Associates "regularly work over ten hours per day, five days per week." (Compl. ¶ 5; *see id.* ¶ 23 ("Plaintiff and putative Class Collective members are typically scheduled to work over ten hours a day, five days per week.").) Then, he asserts that they "are not paid minimum wage for all hours worked," nor are they "compensated with the required overtime rates for all hours worked above forty per week." (*Id.* ¶ 5.) Unlike in *Rittman*, Mr. Castillo does not assert any factual details regarding a specific plaintiff's scheduling; instead, class members are lumped together. *See Sanchez v. Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015) ("Allegations that speak only to class members generally are insufficient to state a claim."). Indeed, Mr. Castillo's allegations mimic the "mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week" that courts uniformly reject, including in the cases he relies upon. *See Tan*, 171 F. Supp. 3d at 1007-08; (Resp. at 5).

At most, Mr. Castillo has included factual allegations that he and other Equipment Associates "regularly" worked over 50 hours a week. (*See* Compl. ¶¶ 5, 23.) But that alone is inadequate. *Landers* makes clear that the plaintiff must additionally allege that violations occurred for the specific week in which he worked over 40 hours. *See* 771 F.3d at 646 (requiring details about not being "paid overtime for *that* given workweek")

(emphasis added). Mr. Castillo does not provide sufficient factual assertions for the court to make that connection. Instead, he establishes only that (1) in general, Equipment Associates worked over the 40-hour limit; (2) they were not paid minimum wage for all hours; and (3) they were not paid overtime for all hours. (*See* Compl. ¶¶ 5, 23.) From only these general assertions, the court cannot reasonably infer that there was a week in which all three conditions were present—that is, a week where an Equipment Associate simultaneously worked over the 40-hour limit and was denied minimum wage and/or overtime pay.[4] Without more, Mr. Castillo's claims raise only the possibility, and not the plausibility, of under-compensation. *See Landers*, 771 F.3d at 646.

Mr. Castillo relies on several cases to argue that his assertions are sufficient.[5] The court disagrees. The cases Mr. Castillo cites stand for the proposition that "a plaintiff need not identify precisely the dates and times she worked overtime." *See Johnson*, 2016 WL 4658963, at *4; (*see* Resp. at 7.) But, as the court stated above, it does not need to reach the question of whether a complaint must specifically identify dates and times. And even the cases cited by Mr. Castillo agree that sufficient detail is needed to support a

_____

[4] For similar reasons, Mr. Castillo's assertions regarding his unpaid meal periods do not cure the insufficiency of his minimum wage and overtime claims. (*See* Resp. at 6.) Again, Mr. Castillo offers general assertions that Equipment Associates were "routinely required to work through rest and meal periods to assist customer and managers." (*See* Compl. ¶ 89.) These general allegations do not establish that there was a given week in which, due to the unpaid meal periods, Mr. Castillo or any of the plaintiffs were denied minimum wage or overtime pay to which they were entitled. Therefore, the allegations are insufficient under *Landers*. *See* 771 F.3d at 646.

[5] The court agrees with United Rentals that several of the cases Mr. Castillo cites were decided pre-*Landers* and thus shed no light on the sufficiency of pleadings after *Landers* clarified the standard. (*See* Reply at 3; *see also* Resp. at 6-7.) Thus, the court considers only the post-*Landers* cases cited by Mr. Castillo.

reasonable inference that the violations occurred in a given week. *See, e.g., Johnson*, 2016 WL 4658963, at *4. For instance, in *Jones v. CertifiedSafety, Inc.*, a case that Mr. Castillo relies heavily upon (*see* Resp. at 8-9), the complaint alleged that one plaintiff had worked 12-hour shifts for up to 14 consecutive days and another had worked such shifts for up to 21 consecutive days. No. 3-17-cv-02229-RS, Dkt. # 39 ("Order on MTD") at 7 (N.D. Cal. Apr. 21, 2017).[6] Mr. Castillo, as summarized above, does not include any allegations of this kind. Instead, his allegations state an indefinite number of hours worked; an unspecified length of time for which Equipment Associates worked those hours; and allegations that apply to all class members generally rather than to certain plaintiffs specifically. (*See* Compl. ¶¶ 5, 23.)

Nor does the unpublished Ninth Circuit case *Boon v. Canon Business Solutions, Inc.*, 592 F. App'x 631 (9th Cir. 2015), support Mr. Castillo's argument.[7] In *Boon*, the district court had dismissed the complaint for omitting the amount of unpaid wages, the number of hours worked for which wages were not received, and other estimations of how much uncompensated time was spent, how often, and at what rate. *Id.* at 632. The Ninth Circuit agreed with plaintiffs that *Landers* did not require detail to that level of specificity regarding the number of overtime hours worked, and the detail provided in the

//

---

[6] The court takes judicial notice of the publicly filed court documents associated with this action. *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (allowing the court to take judicial notice of matters of public record that are not subject to reasonable dispute).

[7] The court recognizes that this is an unpublished case, which does not qualify as precedent under the Ninth Circuit rules. *See* 9th Cir. Fed. R. App. P. 36-3(a).

complack was sufficient.  *Id.*  Here, the court does not fault Mr. Castillo for failing to

provide the approximations that the district court in *Boon* required.  Instead, Mr.

Castillo's complaint is inadequate because he does not allege the necessary "detail

regarding a given workweek when [he] worked in excess of forty hours and was not paid

overtime for that given workweek and/or was not paid minimum wages" that *Landers*

plainly requires.  *See* 771 F.3d at 646.  *Boon* does not alter that conclusion.

In summary, because Mr. Castillo does not provide the "sufficient detail" required

by *Landers*, *see* 771 F.3d at 645, the court must dismiss his minimum wage and overtime

claims under both federal and state law for failure to state a claim.  Accordingly, the court

grants United Rentals's motion to dismiss Mr. Castillo's first, second, and third claims.

2.  Meal and Rest Break Claim

Turning to Mr. Castillo's meal and rest break claim, the parties present the same

disagreement over the adequacy of the pleadings.  United Rentals maintains that Mr.

Castillo's claim must be dismissed because he "fails to specify any instance in which he

experienced any of the meal and rest period violations he alleges."  (MTD at 7.)  Mr.

Castillo reiterates that he "need only allege he worked sufficient hours to be entitled to a

meal or rest break, and that he was denied" such a break.  (Resp. at 13.)  Unlike his

minimum wage and overtime claims, Mr. Castillo has sufficiently pleaded factual

allegations from which the court can reasonably infer at least one instance where United

Rentals violated Washington law governing meal and rest breaks.

The Washington Administrative Code ("WAC") requires:

//

> Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

Wash. Admin. Code § 296-126-092(1) (1999). These meal break requirements are "stringently applied." *Jones*, No. 3:17-cv-02229-RS, Order on MTD at 8. "No intrusions on [the] thirty-minute period are condoned or even acknowledged." *Alvarez v. IBP, Inc.*, 339 F.3d 894, 913 (9th Cir. 2003). In other words, under Washington law, "plaintiffs are owed compensation for the full thirty-minute period where [the employer] has intruded upon or infringed the mandatory thirty-minute term to any extent."[8] *Id.* at 914; *see also Brady v. Autozone Stores, Inc.*, 397 P.3d 120, 124 (Wash. 2017).

As was the case with the minimum wage and overtime claims, district courts post-*Landers* have disagreed on what level of specificity *Landers* requires. Some courts look for the plaintiff to "plead at least one specific instance where he or she personally experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016). Other courts do not read *Landers* as requiring a particular date or instance, so long as the complaint provides sufficient detail to support a reasonable inference that an employee

---

[8] United Rentals argues that the substantive requirements of Washington state law do not change the federal pleading standards set by *Landers*. (Reply at 6.) That, of course, is a correct statement of the law. However, that reality does not render the substantive requirements irrelevant here. The substantive law lays out the context in which the court determines the adequacy of the pleadings; in other words, the court must have an understanding of the substantive law to determine whether it can reasonably infer a violation of that law from the allegations pled. *See Clark v. EmCare, Inc.*, No. 2:16-cv-07503-ODW-JC, 2017 WL 1073342, at *3-4 (C.D. Cal. Mar. 21, 2017) (discussing the substantive requirements of California meal and rest break law to determine whether the complaint sufficiently stated a claim).

missed a meal break. *See Johnson*, 2016 WL 4658963, at *4. *Jones* recently analyzed the sufficiency of pleadings under Washington law.[9] *See* No. 3:17-cv-02229-RS, Order on MTD at 8. The plaintiff in that case alleged that she was "routinely required to work through rest and meal periods" because she had to remain on call during breaks and keep her radio with her at all times. *Id.* The court found that those allegations sufficiently stated a claim for relief under WAC § 296-126-092. *Id.*

As in *Jones*, the court finds that Mr. Castillo has stated sufficient factual allegations from which the court can reasonably infer that United Rentals violated the "stringently applied" Washington law on at least one occasion. *See id.* Although Mr. Castillo's claims recite some general language akin to his minimum wage and overtime claims (*see* Compl. ¶ 89), the complaint also includes more factual allegations regarding United Rentals's alleged violation of WAC § 296-126-092. For instance, Mr. Castillo asserts that United Rentals would deduct 30 minutes per workday for meal periods or alter the records to reflect a meal break. (*Id.* ¶ 24.) However, Mr. Castillo alleges that employees are compelled to work through their breaks due to the demanding pace of the work and the pressure from United Rentals to complete assignments. (*Id.*) Moreover, like the plaintiff in *Jones*, Mr. Castillo asserts United Rentals has a policy that Equipment Associates could not leave the store during breaks and instead, must remain on call to

---

[9] United Rentals argues that *Jones* did not apply the *Landers* standard to the plaintiff's meal and rest break claims. (Reply at 7.) The court disagrees. While *Jones* did not explicitly cite *Landers* in the section on meal and rest break claims, *see* 3:17-cv-02229-RS, Order on MTD at 7-8, the court had addressed *Landers* and its requirements in the prior section, *see id.* at 6-7. Thus, it is misleading to contend that the court did not consider *Landers* in its analysis of the meal and rest break claims.

assist customers.  (*Id.* ¶ 27); *see Jones*, No. 3:17-cv-02229-RS, Order on MTD at 8.  As a result, any breaks employees take are often interrupted by customers or supervisors.  (*Id.* ¶ 26.)  Despite these intrusions on breaks, Mr. Castillo asserts that none of this time was compensated.  (*Id.* ¶¶ 25, 27-28.)

Given that under Washington law, an employer may not intrude upon the mandatory thirty-minute break to any extent without compensation, and drawing all inferences in Mr. Castillo's favor, the court finds Mr. Castillo's factual content sufficient to create a reasonable inference that United Rentals failed its meal break obligations on at least one occasion.  *See Clark*, 2017 WL 1073342, at *4 ("[A] complaint alleging that an employee missed meal periods because the employer assigned an excessive amount of work, valued productivity over taking breaks, or implemented policies to increase productivity would be sufficient.").  At this stage, these allegations are enough to raise "a reasonable expectation that discovery will reveal" United Rentals's liability.  *See Twombly*, 550 U.S. at 556.

The court recognizes that, as United Rentals points out, some district courts considering similar factual allegations have found them insufficient.  *See Guerrero*, 2016 WL 6494296, at *5-6.  However, those courts considered the adequacy of the pleadings under California, not Washington, law.  *See id.*; *see also* MTD at 7-8 (citing only decisions analyzing California law).  Washington law provides "greater protections for workers":  Whereas employers under California law need only offer employees a "reasonable opportunity to take an uninterrupted 30-minute break, and . . . not impede or discourage them from doing so," employers under Washington law must "provide meal

breaks and ensure that meal breaks are timely taken." *Brady*, 397 P.3d at 123-24; *see*

*Jones*, 3:17-cv-02229-RS, Order on MTD at 8 ("Washington's meal break requirements

are similar to California's but even more stringently applied."). Thus, it is entirely

possible that factual allegations that would give rise to a reasonable inference of liability

under Washington law would not do the same under California law.

In sum, the court finds Mr. Castillo sufficiently states a claim under WAC

§ 296-126-092. Accordingly, the court denies United Rentals's motion to dismiss Mr.

Castillo's fourth claim.

### 3. Unpaid Wages Upon Termination and Willful Refusal to Pay Wages Claims

Both parties agree that Mr. Castillo's fifth and sixth claims—unpaid wages upon

termination and willful refusal to pay wages (Compl. ¶¶ 92-102)—are derivative of Mr.

Castillo's first four claims. (*See* MTD at 8; Resp. at 13-14.) United Rentals's sole

argument regarding these claims rests on the insufficiency of Mr. Castillo's first four

claims. (MTD at 8.) Because the court finds that Mr. Castillo's meal and rest break

claim is sufficiently pleaded, the derivative claims survive as well. Accordingly, the

court denies United Rentals's motion to dismiss Mr. Castillo's fifth and sixth claims.

### 4. CPA Claim

United Rentals make two arguments regarding Mr. Castillo's claim alleging a

violation of the CPA. First, as with the fifth and sixth claims, United Rentals contends

that the CPA claim is derivative of the first four claims and thus must be dismissed.

(MTD at 8.) As discussed above, the court rejects this argument because Mr. Castillo's

meal and rest break claim survives. *See supra* § III.B.3. Second, United Rentals argues

that the claim fails as a matter of law because Mr. Castillo has not adequately pleaded a basis for a CPA violation. (MTD at 8-10.) On this argument, the court agrees and thus dismisses Mr. Castillo's CPA claim.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. A CPA claim involves: "(1) unfair deceptive act[s] or practice[s]; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1185 (Wash. 2013). An unfair deceptive act or practice may be "a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Id.* at 1187. A violation of the meal and rest break statute does not fall into any of the above categories.

First, Mr. Castillo's claim is not a per se violation. Mr. Castillo argues that United Rentals's alleged violation of wage and hour laws qualifies as a per se violation because "a claim under the Washington CPA may be predicated upon a per se violation of *any* statute." (Resp. at 16.) The court disagrees. The Washington Supreme Court has been clear that a per se unfair trade practice "exists when a statute which has been declared by the Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). For example, Chapter 18.39, governing embalming services, designates that any violation "constitutes an unfair practice under [the CPA]." RCW 18.39.350. None of the wage and hour statutes at issue here include such a designation,

and the "Legislature, not this court, is the appropriate body to . . . declar[e] a statutory violation to be a per se unfair trade practice." *Hangman*, 719 P.2d at 536.

Mr. Castillo does not dispute that the statutes at issue were not declared by the Legislature to constitute an unfair or deceptive act in trade or commerce. (*See* Resp. at 14-17.) Instead, he argues that the Washington Supreme Court in *Klem* rejected United Rentals's argument altogether and posits that after *Klem*, "a claim under the Washington CPA may be predicated upon a per se violation of *any* statute." (*Id.* at 16.) Mr. Castillo misreads *Klem*. *Klem* discussed *Hangman*'s articulation of what constitutes an unfair or deceptive act or practice and criticized courts for understanding "this language to establish the exclusive ways the first two elements of a CPA claim can be established." 295 P.3d at 1186. *Klem*, however, left in place *Hangman*'s definition of a per se violation. *See id.* at 1186-87. Indeed, courts after *Klem* have continued to recognize a per se violation only when "a statute that has been declared by the legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *See Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 367 (Wash. Ct. App. 2017) (citing *Hangman*, 719 P.2d at 786). Thus, the court rejects Mr. Castillo's argument that a violation of any statute suffices.

Second, Mr. Castillo does not sufficiently plead that United Rentals's alleged violations have the capacity to deceive substantial portions of the public. To fall within this category, the plaintiff must allege more than "merely the failure to comply with Washington's wage laws, but rather the payment of wages at rates below what defendant

//

represented to plaintiff and the general public."[10]  *Aziz v. Knight Transp.*,

No. C12-0904RSL, 2012 WL 3596370, at *2 (W.D. Wash. Aug. 21, 2012); *see also*

*Kirkpatrick v. Ironwood Commc'ns Inc.*, No. C05-1428JLR, 2006 WL 2381797 at *12

(W.D. Wash. Aug. 16, 2006) (recognizing under-compensation below what a defendant

represented to a plaintiff and the general public as an unfair act).  Mr. Castillo pleads no

facts regarding what representations, if any, were made by United Rentals.  (*See* Compl.)

And in his briefing, Mr. Castillo generally asserts that "wage and hour violations

constitute an act or practice with the capacity to deceive substantial portions of the

public" but without providing legal support.  Indeed, the one case Mr. Castillo cites,

*Kirkpatrick*, featured solicitations made to the general public, not just wage and hour

violations alone.  2006 WL 2381797, at *12; (*see* Resp. at 17.)

        Third, and lastly, Mr. Castillo's claim is not "an unfair or deceptive act or practice

not regulated by statute but in violation of public interest."  *Klem*, 295 P.3d at 1187.  Mr.

Castillo challenges practices that are regulated by statute.  *See* RCW 49.12.020; (*see*

Compl. ¶¶ 85-88.)  Thus, they plainly cannot fall within a category of practices "not

regulated by statute."  *See Klem*, 295 P.3d at 1187.  Mr. Castillo argues only that United

Rentals's conduct "constitutes an unfair and deceptive act and practice" and says nothing

//

---

[10] Mr. Castillo argues that *Aziz*'s holding is "expressly foreclosed by *Klem*."  (Resp. at 16 n.7.)  Again, Mr. Castillo misreads *Klem*.  Although *Klem* noted that an act can be either unfair or deceptive, that has no bearing on *Aziz*'s analysis of when an act related to wages has the capacity to deceive a substantial portion of the public.  In fact, *Aziz*'s discussion falls squarely in line with *Klem*'s second category of unfair or deceptive acts or practices:  "an act or practice that has the capacity to deceive substantial portions of the public."  *See* 295 P.3d at 1187.

about whether that conduct is regulated by statute.  (*See* Resp. at 15.)  The court declines to ignore *Klem*'s plain language.

Because Mr. Castillo has not adequately pleaded the circumstances for United Rentals's alleged meal and rest break violations to form the basis for a CPA claim, the court grants United Rentals's motion to dismiss Mr. Castillo's seventh claim.

**C.**    **Leave to Amend**

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051.  In determining whether dismissal without leave to amend is appropriate, courts consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Mr. Castillo requests leave to amend his complaint should the court grant United Rentals's motion.  (Resp. at 17.)  The court agrees that leave is warranted.  There is no evidence of undue delay, bad faith, or dilatory motive on Mr. Castillo's part, nor is there any indication that United Rentals will suffer prejudice if the court permits amendment. *See Foman*, 371 U.S. at 182.  Moreover, it is not clear that the deficiencies in the complaint could not be cured by amendment.  *See id.*  Even the deficiencies in Mr. Castillo's CPA claim, which United Rentals argues should be dismissed without

amendment (Reply at 10), could be cured if Mr. Castillo adequately pleads that United Rentals made untrue representations regarding wages that had the capacity to mislead a substantial portion of the public, *see Aziz*, 2012 WL 3596370, at *2; *see supra* § III.B.4. The court therefore grants Mr. Castillo leave to amend his minimum wage and overtime claims and his CPA claim within 15 days of the entry of this order. Mr. Castillo's leave extends only to curing the deficiencies identified herein.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part United Rentals's motion to dismiss Mr. Castillo's complaint (Dkt. # 16). The court DISMISSES Mr. Castillo's first, second, and third claims regarding minimum wage and overtime pay violations under federal and state law. The court further DISMISSES Mr. Castillo's seventh claim alleging a violation of the CPA. The court lastly DISMISSES Mr. Castillo's requests for declaratory and injunctive relief. The court GRANTS Mr. Castillo leave to amend as stated herein within 15 days of the entry of this order.

Dated this 19th day of March, 2018.

JAMES L. ROBART
United States District Judge