1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

10

11

12

13

14

15

| | |
|---|---|
| RICARDO CASTILLO,<br><br>               Plaintiff,<br>    v.<br><br>UNITED RENTALS (NORTH<br>AMERICA), INC.,<br><br>               Defendant. | CASE NO. C17-1573JLR<br><br>ORDER GRANTING LEAVE TO<br>AMEND |

### I.    INTRODUCTION

16

17

18

19

20

21

Before the court is Plaintiff Ricardo Castillo's motion for leave to file a second

amended complaint that would substitute the named plaintiff in this class and collective

action. (Mot. (Dkt. # 44).) Defendant United Rentals (North America), Inc. ("United

Rentals") opposes the motion. (Resp. (Dkt. # 47).) The court has considered the motion,

the submissions in favor of and in opposition to the motion, the relevant portions of the

22

//

ORDER - 1

1   record, and the applicable law. Being fully advised,[1] the court GRANTS the motion.

2   ## II.   BACKGROUND

3   On October 23, 2017, Mr. Castillo brought a class and collective action on behalf

4   of current and former hourly employees of United Rentals, asserting various wage and

5   hour claims under federal and state law. (*See generally* FAC (Dkt. # 34).)  Specifically,

6   Mr. Castillo alleges that United Rentals (1) failed to provide minimum and overtime

7   wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and

8   the Washington Minimum Wage Act ("WMWA"), RCW ch. 49.46; (2) failed to provide

9   meal and rest breaks; (3) failed to pay all wages due upon termination; and (4) willfully

10  refused to pay wages owed.[2] (*See* FAC ¶ 3.)

11  Mr. Castillo worked as an Equipment Associate for United Rentals and alleges

12  that hourly employees are "typically scheduled to work over ten hours a day, five days a

13  week" but are often denied compensation for all hours worked, including overtime. (*Id.*

14  ¶ 23.) Moreover, Mr. Castillo alleges that the "pace of the work" required by United

15  Rentals is too demanding to allow "full, timely, legally compliant rest breaks." (*Id.* ¶ 26.)

16  Moreover, United Rentals allegedly "has a policy of disallowing [hourly employees]

17  from leaving the store during meal and rest breaks," thus resulting in hourly employees

18  //

19  ─────────────────────

20  [1] United Rentals requests oral argument (*see* Resp. at 1), but the court finds that oral
    argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash.
    LCR 7(b)(4).

21
    [2] Although Mr. Castillo includes an allegation that United Rentals violated Washington's
    Consumer Protection Act ("CPA"), RCW ch. 19.86 (FAC ¶ 3), he does not assert a cause of
22  action under the CPA (*see id.* ¶¶ 56-106).

ORDER - 2

1 remaining on-call during breaks, even though United Rentals automatically deducts the

2 break time from employees' pay each day. (*Id.* ¶¶ 27, 31.)

3         On December 20, 2017, United Rentals moved to dismiss Mr. Castillo's original

4 complaint for failure to state a claim. (*See* MTD (Dkt. # 16).) The court granted the

5 motion in part and allowed Mr. Castillo to amend the dismissed claims. (3/19/18 Order

6 (Dkt. # 30) at 22.) Mr. Castillo filed an amended complaint on April 3, 2018. (*See*

7 FAC.) Because of the amended complaint, the court vacated the original case schedule

8 that had set various deadlines for class certification and decertification under the FLSA.

9 (3/27/18 Order (Dkt. # 33) at 6-7.) The parties proposed a new case schedule—which the

10 court adopted—requiring Mr. Castillo to file a motion for conditional FLSA certification

11 by July 16, 2018, and setting subsequent dates for class certification discovery and

12 briefing. (*See* Stip. (Dkt. # 36); 4/16/18 Order (Dkt. # 37) at 4.)

13         On April 6, 2018, Sean Powell, a former Driver for United Rentals, filed a notice

14 of consent to join the collective action. (Not. (Dkt. # 35) at 1; *id.*, Ex. 1 (attaching Mr.

15 Powell's opt-in consent form).) Mr. Powell worked for United Rentals from May 2015 to

16 October 2017 in Washington. (*Id.*; *see* Leimbach Decl. ¶ 6, Ex. 1 ("SAC") ¶¶ 20-22.)

17 Although he did not work in-store, he alleges that United Rentals also required him to

18 work in excess of forty hours per week without compensation (SAC ¶ 23) and required

19 him to remain on-call during his breaks to "make emergency deliveries" and to "assist

20 customer or co-workers" (*id.* ¶ 27). Like Mr. Castillo, Mr. Powell asserts that United

21 Rentals's "pressure to complete job assignments, including making deliveries, picking up

22 //

1 loads, waiting on customers and taking customer calls, was too constant" for adequate

2 breaks (*id.* ¶ 28), and yet, United Rentals regularly deducts the break time (*id.* ¶ 24).

3    After Mr. Powell's opt-in, the parties continued to engage in discovery to prepare

4 for the certification motions. Parties scheduled Mr. Castillo's deposition for June 6,

5 2018. (Simpson Decl. (Dkt. # 48) ¶ 7; Leimbach Decl. (Dkt. # 44-1) ¶ 3.) However, on

6 June 5, 2018, Mr. Castillo's counsel notified United Rentals that "[d]ue to unforeseen

7 circumstances, Mr. Castillo is not available to be deposed." (*Id.* ¶ 9, Ex. G ("Email

8 Correspondence") at 7.) Mr. Castillo's counsel later conceded that "Mr. Castillo ha[d]

9 been unreachable." (*Id.* at 5.) Mr. Castillo ultimately determined that "for personal

10 reasons," he could no longer act as the named plaintiff but wished to remain part of the

11 putative class and collective action. (Castillo Decl. (Dkt. # 44-4) ¶ 4.) He agreed for Mr.

12 Powell to substitute in as the representative plaintiff. (*Id.* ¶ 5.) Because the parties could

13 not reach agreement on amendment, Mr. Castillo filed the instant motion requesting leave

14 to withdraw as the representative plaintiff, to substitute Mr. Powell as named plaintiff,

15 and to amend the complaint with factual allegations specific to Mr. Powell. (*See*

16 *generally* Mot.; SAC.) The court now addresses the motion.

17            **III. ANALYSIS**

18    The parties' dispute boils down to two issues: (1) whether substitution of a named

19 plaintiff is appropriate before the court certifies a class or collective action; and (2) if so,

20 whether amendment is proper under Federal Rule of Civil Procedure 15(a). (*See*

21 *generally* Mot.; Resp.) The court takes up each issue in turn.

22 //

## A. Pre-Certification Substitution

United Rentals argues that substitution of named plaintiffs is never allowed before the class or collective is certified. (Resp. at 7-10.) But "there is no bright-line rule calling for denial of leave to amend" before certification. *In re: Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2016 WL 948874, at *3 (N.D. Cal. Mar. 14, 2016); *see also Chao Chen v. GEO Grp., Inc.*, No. C17-5769RJB, 2018 WL 2949449, at *2 (W.D. Wash. June 13, 2018) (granting pre-certification substitution). Instead, the law is more nuanced than United Rentals represents.

United Rentals is correct that when the named plaintiff's claim is defective—say, for instance, the named plaintiff lacks standing—substitution of that named plaintiff is permissible only when the class or collective has already been certified. *See Myers v. Intuit, Inc.*, No. 17cv1228-WQH-BLM, 2018 WL 2287425, at *7-8 (S.D. Cal. May 18, 2018) (denying pre-certification substitution of a named plaintiff who had no standing); *see also Bernor v. Takeda Pharms. Am., Inc.*, No. LACV 12-04856-VAP (JPRx), 2018 WL 588563, at *4-5 (C.D. Cal. Jan. 25, 2018) (denying pre-certification substitution when the named plaintiff's claims were moot); *Velazquez v. GMAC Mortg. Corp.*, No. CV 08-05444 DDP (PLAx), 2009 WL 2959838, at *1 (C.D. Cal. Sept. 10, 2009) (denying pre-certification substitution when deposition evidence revealed that the named plaintiffs were inadequate). In such a situation, courts do not allow amendments that amount to a "'back-door attempt to begin the action anew,' where, in all likelihood, 'the original plaintiffs were never qualified to represent the class.'" *Velazquez*, 2009 WL 2959838, at *4 (quoting *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir. 1973)).

But when the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as the representative, courts have allowed pre-certification substitution. *See Aguilar v. Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2104). In *Aguilar*, the named plaintiff sought to withdraw as the class representative and join the putative class for personal reasons. *Id.* at *5. In determining whether to allow pre-certification substitution, the court observed:

> [T]he weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims or had her claims dismissed and intends to become part of the class, such that her claims persist and the case or controversy remains active, and when plaintiff's counsel is able to produce a proposed substitute immediately.

*Id.* at *9. Facing these "unique facts," the court allowed substitution. *Id.* Other courts considering pre-certification substitution—even those United Rentals relies upon (*see* Resp. at 7 n.9)—have similarly distinguished between cases in which the named plaintiffs' claims persist and those in which the claims do not: Substitution is allowed in the former category of cases but prohibited in the latter,[3] *see Bernor*, 2018 WL 588563, at *5; *In re: Lithium Ion Batteries*, 2016 WL 948874, at *3.

The instant motion presents the same "unique facts" as in *Aguilar*. *See* 2014 WL 4352169, at *9. Mr. Castillo's claims are, as he argues, "still very much alive." (Reply

//

---

[3] Although the Ninth Circuit has not directly addressed the issue, it has suggested that pre-certification substitution is allowed when the named plaintiff's claims survive. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880-81 (9th Cir. 1999). In *Griggs*, the lower court held that the named plaintiffs lacked standing and denied substitution. *Id.* at 879. The Ninth Circuit reversed, finding both that the named plaintiff had standing and that "amendment to substitute [other class members] as class representative should have been permitted." *Id.* at 880-81.

(Dkt. # 50) at 4.) Mr. Castillo, the sole named plaintiff, has not "settled [his] claims" or otherwise had his claims dismissed—thus, "[his] claims persist and the case or controversy remains active."[4] *See id.* Mr. Castillo seeks to withdraw "for personal reasons" (Castillo Decl. ¶ 4) but "intends to become part" of the class and collective, *see Aguilar*, 2014 WL 4352169, at *9. In addition, Mr. Castillo's counsel "is able to produce a proposed substitute immediately"—indeed, Mr. Powell has already opted into the action. *See id.*; (Not. at 1.) The court concludes that in such circumstances, Mr. Castillo can be replaced as the named plaintiff.

United Rentals maintains that even if pre-certification substitution is allowed in class actions, substitution is not allowed in FLSA collective actions. (Resp. at 9-10.) Again, United Rentals overstates the law. Although class actions and collective actions are undisputedly different, *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013), United Rentals provides no support for why that difference eliminates the possibility of substitution in FLSA collective actions (*see* Resp. at 9-10). Instead, the case law United Rentals proffers suggests the opposite: FLSA collective actions are treated no differently than class actions on the issue of pre-certification substitution. For example, in both actions, substitution cannot cure a lack of subject matter jurisdiction created by the dismissal of the named plaintiff's claims. *See Hunt v. Thermal Insulation,*

//

---

[4] United Rentals references an assertion from Mr. Castillo's counsel that documents produced in discovery "raise[d] issues regarding Mr. Castillo's role as a named representative." (Resp. at 4 (quoting Email Correspondence at 8).) But beyond that vague assertion, United Rentals provides no evidence or argument that Mr. Castillo's claims cannot persist. (*See generally* Resp.)

1 | *Inc.*, No. 1:09-cv-1445-WSD, 2010 WL 11507019, at *3 (N.D. Ga. Apr. 30, 2010)

2 | (denying substitution in a collective action when the named plaintiff did not suffer any

3 | injury). Indeed, *Hunt* relies on a class action case to rule on a collective action. *See id.*

4 | Because United Rentals provides no support that substitution is never allowed in

5 | collective actions, the court declines to create such a rule here.[5]

6 | Because the court determines that pre-certification substitution can occur where,

7 | as here, there is a live case and controversy and an immediately-available replacement,

8 | the court now addresses the propriety of amendment under Rule 15(a).

9 | **B.    Amendment**

10 | Federal Rule of Civil Procedure 15(a) provides that, after the initial period for

11 | amendment as of right, pleadings may be amended only with the opposing party's written

12 | consent or by leave of court. Fed. R. Civ. P. 15(a)(2). Generally, "the court should freely

13 | give leave [to amend pleadings] when justice so requires." *Id.* This rule should be

14 | interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v.*

15 | *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Five factors influence whether the court

16 | should grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the

17 | //

---

18 | [5] United Rentals purports that *Smith v. ERJ Dining, LLC*, No. 11-cv-2061, 2013 WL 1286674 (N.D. Ill. Mar. 28, 2013) presents "remarkably similar circumstances." (Resp. at 10.)
19 | Both the instant case and *Smith* concern hybrid class and collective actions, but the similarity ends there. *See* 2013 WL 1286674, at *1. In *Smith*, the named plaintiff terminated her relationship with her counsel weeks before counsel could secure a replacement plaintiff. *Id.* at
20 | *2. Thus, the court faced the question of whether "an unnamed, potential 'opt-in' FLSA plaintiff" could "fill a jurisdictional void created when the original—and only—FLSA plaintiff
21 | has abandoned her claim." *Id.* at *6. Here, Mr. Castillo has not abandoned his claim, and thus there is no "jurisdictional void." *See id.* Nor is Mr. Powell an unnamed, hypothetical
22 | replacement plaintiff. *See id.* Thus, *Smith* does not govern here.

1 opposing party, (4) futility of amendment, and (5) whether plaintiff has previously

2 amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.

3 1990). The third factor—prejudice to the opposing party—is the "touchstone of the

4 inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

5 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show that

6 amendment is not warranted. *Wizards of the Coast, LLC v. Cryptozoic Entm't, LLC*, 309

7 F.R.D. 645, 649 (W.D. Wash. 2015).

8        Beginning with the "touchstone" of the inquiry, the court concludes that the

9 prejudice factor weighs in favor of amendment. United Rentals argues only that allowing

10 Mr. Castillo to amend his complaint would require United Rentals to "begin anew its

11 preparations for class and collective certification motions." (Resp. at 11-12.)

12 Specifically, United Rentals maintains that because Mr. Powell did not work in a store as

13 Mr. Castillo did, the amendment "shifts the legal theory's focus from alleged in-store

14 dynamics . . . to out-of-store dynamics." (*Id.* at 5.) The court disagrees.

15        "[T]he time and expense of continued litigation on a new theory, with the

16 possibility of additional discovery," may constitute undue prejudice. *Ascon Props., Inc.*

17 *v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). But Mr. Castillo does not seek to

18 assert any new legal claims, and the putative class has always consisted of all "hourly

19 non-exempt employees" at United Rentals, including Drivers like Mr. Powell. (*See* FAC

20 ¶ 2.) Moreover, although Mr. Powell worked as a Driver and not an Equipment

21 Associate like Mr. Castillo, United Rentals knew of Mr. Powell's involvement in this

22 matter since April 2018. (*See* Not.) Thus, United Rentals knew that the case involved

1    both employees who worked inside the stores—like Mr. Castillo—and those who worked

2    outside the stores—like Mr. Powell.  Indeed, the parties discussed the prospect of

3    deposing Mr. Powell prior to this motion.  (*See* Simpson Decl. ¶¶ 4-5, Exs. D-E

4    (attaching discussions of discovery issues pertaining to Mr. Powell).)  Nor is the

5    discovery United Rentals has conducted on Mr. Castillo wasted because Mr. Castillo

6    remains part of the action.  (*See* Castillo Decl. ¶ 4.)  And lastly, the court has vacated the

7    case schedule, and the parties will jointly propose new case management dates after

8    amendment.  (*See* 6/29/18 Stip. and Order (Dkt. # 46) at 5.)  Thus, United Rentals has

9    ample time to conduct discovery and prepare for the certification motions.

10           United Rentals's remaining arguments are equally unavailing.  As evidence of bad

11   faith, United Rentals points to Mr. Castillo's allegedly "contradictory representations" as

12   to why he is withdrawing.  (Resp. at 12.)  The court does not find that Mr. Castillo's

13   declaration testimony and his counsel's communications with opposing counsel

14   constitute bad faith.  Although his counsel's emails imply that counsel made a decision

15   regarding Mr. Castillo's ability to serve as the representative plaintiff, that decision could

16   have been made because of the personal reasons Mr. Castillo cites.  (*See* Email

17   Correspondence at 7-8.)  United Rentals additionally characterizes the amended

18   complaint as futile because it would not survive a motion to dismiss.  (Resp. at 11.)  But

19   whether Mr. Powell has sufficiently alleged that violations occurred for a specific week,

20   as the court previously determined is required (*see* 3/19/18 Order at 7-13), is a complex

21   question that has not been adequately briefed by either party in the instant motion.  *See*

22   *Chao Chen*, 2018 WL 2949449, at * 2 (declining to address merits question).

ORDER - 10

1    Lastly, in a one-sentence footnote, United Rentals argues that Mr. Castillo's

2    motion was "also unduly delayed because it appears to be based upon his unsuitability to

3    serve as a representative plaintiff." (Resp. at 12 n.23.)  But United Rentals makes no

4    mention of how Mr. Castillo was unsuitable, or any argument as to how long ago Mr.

5    Castillo's counsel discovered the alleged unsuitability, as is relevant to the undue delay

6    factor. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).  Accordingly,

7    the court rejects this argument.

8    Mr. Castillo has previously amended his complaint, the final factor for

9    consideration under Rule 15(a).  (*See* FAC.)  But a previous amendment is not

10   dispositive, *see Wizards of the Coast*, 309 F.R.D. at 654, and that fact alone does not

11   outweigh the other factors—particularly the lack of prejudice—that favor amendment.

12   Because the court should freely grant leave to amend under Rule 15(a), and United

13   Rentals establishes neither prejudice nor a strong showing of any other factor against

14   amendment, the court grants Mr. Castillo's motion for leave to amend.

15                          **IV.    CONCLUSION**

16   For the foregoing reasons, the court GRANTS Mr. Castillo's motion for leave to

17   file a second amended complaint (Dkt. # 44) and authorizes Mr. Castillo to file a second

18   amended complaint in the form attached as Exhibit 1 to Mr. Leimbach's declaration (Dkt.

19   # 44-2) within seven (7) days of the entry of this order.

20   Dated this 16 day of July, 2018.

21

22                                        JAMES L. ROBART
                                          United States District Judge