1

The Honorable James L. Robart

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

SEAN POWELL, individually and on
behalf of all others similarly situated,

10

Plaintiff,

No. 2:17-cv-01573-JLR

11

v.

12

UNITED RENTALS (NORTH AMERICA),
INC.,

13

14

Defendant.

DEFENDANT UNITED RENTALS'
MOTION TO COMPEL
ARBITRATION AND TO DISMISS

NOTE ON MOTION CALENDAR:
December 7, 2018

**ORAL ARGUMENT REQUESTED**

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR)
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

                                                                                                    **Page**

I.      INTRODUCTION ........................................................................................................ 1

II.     FACTUAL BACKGROUND ...................................................................................... 1

        A.      Procedural History. ......................................................................................... 1

        B.      The Parties. ...................................................................................................... 2

        C.      Powell's 2015 Online Employment Application to United Rentals. .................... 3

        D.      Powell Executes the Agreement During the Online Application Process. ........... 4

III.    ARGUMENT ............................................................................................................. 7

        A.      Under the FAA, this Court Should Compel Powell's Claims to
                Arbitration. ..................................................................................................... 7

                1.      Powell Entered Into a Valid Agreement to Arbitrate. ............................. 9

                2.      Powell's Individual Claims Fall Within the Agreement's Scope. ........... 10

                3.      Arbitration Should be Limited to Powell's Individual Claims. ............... 10

        B.      The Court Should Dismiss Powell's Individual Claims and the Putative
                Class and Collective Claims. ............................................................................ 11

IV.     CONCLUSION ......................................................................................................... 12

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - i
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Allied-Bruce Terminix Cos. v. Dobson*,
    513 U.S. 265 (1995) ............................................................................................7

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) ............................................................................................7

*Brennan v. Opus Bank*,
    2013 WL 2445430 (W.D. Wash. June 5, 2013) *aff'd*, 796 F.3d 1125 (9th Cir.
    2015)......................................................................................................................10

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ............................................................................8

*Browning v. 24 Hour Fitness, Inc.*,
    2006 WL 151933 (W.D. Wash. Jan. 19, 2006) ...............................................10

*Carideo v. Dell, Inc.*,
    520 F. Supp. 2d 1241 (W.D. Wash. 2007) ......................................................7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) ............................................................................8

*Coneff v. AT & T Corp.*,
    673 F.3d 1155 (9th Cir. 2012) ..........................................................................11

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985) ............................................................................................7

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) ......................................................................................11

*Eshagh v. Terminix Int'l Co., L.P.*,
    588 Fed. Appx. 703 (9th Cir. 2014) ..................................................................8

*First Options of Chi., Inc. v. Kaplan*,
    514 U.S. 938 (1995) ............................................................................................9

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20 (1991) ..............................................................................................7

*Hauenstein v. Softwrap Ltd.*,
    2007 WL 2404624 (W.D. Wash. Aug. 17, 2007)..............................................9

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - ii
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Herrington v. Waterstone Mortgage Corp.*,
   No. 17-3609, ___ F.3d ___ (7th Cir. 2018).............................................................................8

*Howsam v. Dean Witter Reynolds, Inc.*,
   537 U.S. 79 (2002) ..............................................................................................................11

*JP Morgan Chase Bank, N.A. v. Jones*,
   2016 WL 1182153 (W.D. Wash. Mar. 28, 2016)....................................................................9

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
   514 U.S. 52 (1995) ..............................................................................................................10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ..................................................................................................................7

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ..............................................................................................................7

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999) ...............................................................................................10

*Sparling v. Hoffman Const. Co., Inc.*,
   864 F.2d 635 (9th Cir. 1988) ...............................................................................................11

*Sprinkle v. Gen. Dynamics Land Sys.*,
   2010 WL 1330328 (W.D. Wash. Mar. 30, 2010)....................................................................9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662 (2010) ............................................................................................................11

*White v. Geren*,
   310 Fed. App'x. 159 (9th Cir. 2009) ...................................................................................12

*Wulfe v. Valero Ref. Co.*,
   641 Fed. App'x. 758 (9th Cir. 2016) .....................................................................................7

**Washington Cases**

*Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*,
   139 Wn. App. 743 (2007)......................................................................................................9

*Scott v. Cingular Wireless*, 160 Wn.2d 843 (2007) ....................................................................11

*Yakima Cnty. Fire Prot. Dist. No. 12 (West Valley) v. Yakima*,
   122 Wn.2d 371 (1993)............................................................................................................9

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - iii
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.      INTRODUCTION

On April 24, 2015, plaintiff and proposed class representative Sean Powell entered into a Mutual Agreement to Arbitrate (the "Agreement") with United Rentals, Inc. ("URI").  The Agreement extends to URI's subsidiaries like defendant United Rentals (North America), Inc. ("United Rentals"), and it requires Powell to individually arbitrate any claims arising out of his former employment at United Rentals.

Now, however, Powell seeks to litigate those claims rather than resolve them through arbitration.  *See* Dkt. No. 56 (Third Amended Complaint or "TAC").  Pursuant to the Federal Arbitration Act (the "FAA"), the Court should enforce the Agreement by compelling Powell to arbitrate his claims—including the threshold arbitrability issues of whether a valid agreement exists and its scope.  Even if the Court were to reach those threshold issues—which it should not—the result is the same because a valid agreement exists and it requires individual arbitration of Powell's claims.

After compelling arbitration, the Court should dismiss Powell's claims and the putative class and collective claims because without Powell there is no putative class and collective representative.  That leaves, at most, the claims of opt-in Ricardo Castillo who may seek to pursue his individual claims even though he previously agreed he "can no longer act as a Named Plaintiff and represent the interests of the putative Class and Collective."  Dkt. No. 44-4.

## II.      FACTUAL BACKGROUND

### A.      Procedural History.

This lawsuit was originally filed by Ricardo Castillo on October 23, 2017.  *See* Dkt. No. 1. On June 19, 2018, Castillo filed a motion representing to the Court that he wished to withdraw as named plaintiff after declining to appear for his deposition and concluding he "can no longer act as a Named Plaintiff and represent the interests of the putative Class and Collective."  Declaration of Arthur Simpson in Support of Defendant United Rentals' Motion to Compel Arbitration, ¶ 2, Ex. A ("Simpson Decl."); Dkt. Nos. 44, 44-4.

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 1
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    On July 16, 2018, the Court entered an order permitting Powell to substitute as the

2    named plaintiff and as the putative class and collective representative.  Dkt. No. 52.  Powell

3    subsequently filed his Second Amended Class and Collective Action Complaint ("SAC") on

4    July 17, 2018.  Dkt. 53.  Afterwards, the parties stipulated to Powell's filing of the TAC to

5    resolve a dispute regarding the sufficiency of Powell's allegations in the SAC.  Dkt. No. 55.

6    Powell subsequently filed the TAC on August 6, 2018.  Dkt. No. 56.  While no longer the

7    named plaintiff, Castillo remains an FLSA opt-in plaintiff.  *See* Dkt. No. 7.

8    The TAC alleges overtime and minimum wage claims under the FLSA and various

9    wage-and-hour claims under Washington law.  Dkt. No. 56, ¶¶ 55-106.  United Rentals filed its

10   Answer to Plaintiff's TAC on September 7, 2018, and its First Amended Answer to Plaintiff's

11   TAC on September 18, 2018.  Dkt. Nos. 57, 58.  United Rentals then conferred with Powell's

12   counsel regarding a recently-located arbitration agreement that he executed in connection with

13   his application.  Among other things, the parties' counsel conferred about whether Powell

14   intended to oppose arbitration.  After Powell's counsel indicated that Powell would oppose

15   United Rentals' effort to move his claims into arbitration, the parties agreed to hold in abeyance

16   formal discovery until the Court has an opportunity to rule upon this motion.  Simpson Decl.,

17   ¶¶ 3-4.

18   **B.    The Parties.**

19   United Rentals is a Connecticut-based equipment rental company with six distinct lines

20   of business.  Each line specializes in providing customers with a different type of equipment

21   and related support services.  Declaration of Michael Marzulla in Support of United Rentals'

22   Motion to Compel Arbitration, ¶ 3 ("Marzulla Decl.").  Between these lines of business, United

23   Rentals operates branches in 49 states, including Washington State.  *Id.*  Relevant here is

24   United Rentals' Trench Safety line.  That line maintains a large fleet of rental equipment used

25   for trench shoring and underground excavation.  Declaration of Ronald Murphy in Support of

26   United Rentals' Motion to Compel Arbitration, ¶ 2 ("Murphy Decl.").  Trench Safety branches

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 2
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    employ truck drivers to deliver that equipment to customers because it is often too heavy and

2    cumbersome to be transported by customers who do not have specialized vehicles.  *Id.*

3         Powell worked for United Rentals as a "CDL-A Driver" from May 11, 2015, to

4    October 16, 2017, at two Trench Safety branches in Woodinville, Washington, and Seattle,

5    Washington.  *Id.* at ¶ 3.  Powell's primary job responsibilities were to transport Trench Safety

6    rental equipment to and from customer locations using a truck equipped with booms and a

7    crane designed for lifting heavy equipment.  *Id.*  Powell functioned as a local delivery driver,

8    serving Washington State clients located within, at most, a couple hours' drive of the

9    Woodinville and Seattle branches.  *Id.*  In addition to transporting rental equipment, Powell

10   provided customer service at delivery sites, such as giving advice on the installation and use of

11   rental equipment.  *Id.*

12        **C.      Powell's 2015 Online Employment Application to United Rentals.**

13        On April 24, 2015, Powell applied for his former position with United Rentals through

14   the company's online application process, which is accessed through the company's website,

15   www.unitedrentals.com.  Marzulla Decl., ¶ 4.  At that time, the online application process

16   utilized a talent management software platform called ADP VirtualEdge to receive, process,

17   review, and store online employment applications.  *Id.*  To begin the online application process,

18   Powell had to navigate to the "jobs" page on the website, where there was a list of positions for

19   which United Rentals was accepting applications at that time.  *Id.* at ¶ 5.  Before starting an

20   online application, Powell had to first register for a unique network ID and create a unique and

21   private network password, both of which were associated with his personal email address.  *Id.*

22        United Rentals uses electronic signatures for online employment applications and

23   related documents, and United Rentals explains the electronic signature process to applicants.

24   *Id.* at ¶ 6.  Once Powell created a unique user ID and password, he viewed a screen captioned

25   "ELECTRONIC SIGNATURE NOTICE AND CONSENT."  That screen stated, among other

26   things, the following:

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 3
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

> This notice is intended to provide you with important information required by the Electronic Signatures in Global and National Commerce Act (E-Sign Act).

3

4

> Consent: By entering your name, you consent to submit your employment application and all related forms, documents and information electronically.  You further consent to conduct any matters related to the recruiting, application, background check and/or onboarding process electronically.  Typing your name in the textbox under or on a form, entering your login password, and clicking on 'Submit', will constitute your electronic signature.

5

6

7

*Id.*  To proceed with the application process and to show he understood the electronic signature policy, Powell had to click on a prompt stating "I agree to the above" at the bottom of the electronic signature explanation.  *Id.* at ¶ 7.  He could not have proceeded without doing so and then clicking a button shaped like a right-facing arrow.  *Id.*

8

9

10

Next, the application system allowed Powell to begin filling out his electronic employment application.  *Id.* at ¶ 8.  There was no time limit for Powell to complete his online application.  *Id.*  If he wanted to stop filling out the application midway for any reason, ADP VirtualEdge would save his progress so he would not have to later reenter information when he resumed filling out the application.  *Id.*  Powell could access an incomplete application so long as United Rentals was accepting applications for the position for which he wished to apply.  *Id.* If Powell had any questions about his online application or its associated forms, United Rentals' website provided him with the company's phone number in addition to an online form to submit questions to the company.  *Id.*

11

12

13

14

15

16

17

18

19

**D.      Powell Executes the Agreement During the Online Application Process.**

20

Powell's online application materials included a Mutual Agreement to Arbitrate, which ADP VirtualEdge displayed to him as a standalone document on its own screen before he submitted his application.  *Id.* at ¶ 4, Ex. A at 6 (attaching copy of Agreement).  As with the rest of Powell's online application, he could take as long as he wanted to review the one-and-a-half-page arbitration agreement.  The top of the Agreement informed Powell about its importance:

21

22

23

24

25

26

**PLEASE REVIEW THIS SCREEN CAREFULLY**
**BECAUSE IT CONTAINS BINDING CONTRACTUAL**

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 4
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TERMS THAT AFFECT YOUR LEGAL RIGHTS. BY SELECTING THE 'I ACCEPT' BUTTON BELOW YOU ARE AGREEING TO BE BOUND TO ALL THE TERMS CONTAINED ON THIS SCREEN.**

*Id.* The Agreement is "covered by the Federal Arbitration Act, to the maximum extent permitted by applicable law." *Id.* It requires arbitration of a broad range of claims that include wage-and-hour claims:

> United Rentals, Inc. and its subsidiaries, parents and other affiliates . . . (hereafter collectively referred to as the "Company") and you are mutually required to arbitrate any and all disputes, claims, or controversies (the "Arbitrable Claims") . . . that could be brought in a court including, but not limited to, all claims arising out of . . . your employment . . . including any claim that could have been presented to or could have been brought before any court. The Agreement to Arbitrate includes, but is not limited to, claims under . . . the Fair Labor Standards Act . . . or any other federal, state or local law, ordinance or regulation, or based on any public policy, contract, tort, or common law or any claim for costs, fees, or other expenses or relief, including attorneys' fees.

*Id.*[1]

The Agreement makes clear the claims in arbitration are limited to individual claims:

> No Arbitrable Claim may be initiated or maintained on a putative or certified class, collective or multi-party action basis either in a court or in Arbitration and must be brought on an individual basis only, and arbitration on an individual basis is the exclusive remedy. Any Arbitrable Claim purporting to be brought as a putative or certified class, collective or multi-party action basis will be decided under these rules as an individual claim in Arbitration.

*Id.* The Agreement states arbitration will be conducted by a single arbitrator pursuant to the AAA's Employment Arbitration Rules and Mediation Procedures, which were available online and which United Rentals offered to provide upon request. *Id.* Those rules provide that "the arbitrator shall have power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Simpson Decl., ¶ 5, Ex. B at 17 (emphasis added).

---

[1] The Agreement excludes certain claims that are not relevant here, including those the parties could not agree to arbitrate via the Agreement. *Id.*

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 5
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

The Agreement also provides an arbitration forum convenient for Powell and an arbitration process that would provide him with the same procedural and substantive rights available on his individual claims in federal district court.  For example, the Agreement states:

- Arbitration claims are subject to the same limitation periods that would apply before a court or administrative agency;

- Arbitration is conducted at a mutually agreeable time and within 50 miles of the United Rentals' location at which Powell worked unless the parties mutually agree to another location;

- The arbitrator is authorized to award the parties any species of legal or equitable relief to which they would be entitled if the matter proceeded in court, including attorneys' fees.

Marzulla Decl., ¶ 4, Ex. A at 6.[2]  The Agreement also states that United Rentals will pay the arbitrator's fees and travel costs and that United Rentals gave up its rights to recover costs from Powell even if it would have the right to do so in court.  *Id.* at ¶ 4, Ex. A at 7.

Powell acknowledged he received sufficient consideration for the Agreement, including United Rentals' mutual promise to arbitrate, his "hire and/or continued employment," and United Rentals' agreement to waive its rights to costs.  *Id.*  At the end, the Agreement instructed Powell that, "[t]o the extent you have any questions related to this agreement, you should consult with an attorney before entering into this Agreement and moving forward in the application process."  *Id.*

After having as long as he wanted to review the Agreement—including with counsel if he chose—Powell clicked on the selection for "Agree" at the prompt stating "I accept the terms and conditions above."  *Id.* at ¶¶ 4, 11, Ex. A at 7.  At the very end of the electronic application, there was a final prompt for Powell to enter his electronic signature, which was affixed to his application materials—including the Agreement—along with a timestamp.  *Id.*  Powell did so on April 24, 2015, at 3:43 P.M. Eastern Time by typing "sean powell" and then clicking

---

[2] There is also a choice-of-venue provision specifying that the state and federal courts of Connecticut shall have exclusive jurisdiction to enforce the Agreement. *Id.* at ¶ 4, Ex. A at 7.  United Rentals is not seeking to enforce that clause in this motion.

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 6
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   "Accept." *Id.*  Afterward, Powell could download or print the Agreement and the other

2   application materials.  *Id.* [3]

3                          **III.     ARGUMENT**

4       **A.        Under the FAA, this Court Should Compel Powell's Claims to Arbitration.**

5       The Court should compel Powell's claims to arbitration under the FAA because the

6   parties have an arbitration contract.  It need go no further because the parties have delegated all

7   other issues of arbitrability to the arbitrator.

8       Section 2 of the FAA provides that arbitration agreements made as part of contracts

9   "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

10  equity for the revocation of any contract."  9 U.S.C. § 2.[4]  Congress passed the FAA to "reverse

11  the longstanding judicial hostility to arbitration agreements[,] … to place arbitration

12  agreements upon the same footing as other contracts," *Gilmer v. Interstate/Johnson Lane*

13  *Corp.*, 500 U.S. 20, 24 (1991), and "to ensure the enforcement of arbitration agreements

14  according to their terms," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).

15  Courts therefore must "rigorously enforce agreements to arbitrate."  *Dean Witter Reynolds, Inc.*

16  *v. Byrd*, 470 U.S. 213, 221 (1985).  "The party opposing arbitration bears the burden of

17  showing that the agreement is not enforceable."  *Carideo v. Dell, Inc.*, 520 F. Supp. 2d 1241,

18  1244 (W.D. Wash. 2007).  "[A]ny doubts concerning the scope of arbitrable issues should be

19  resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

20  U.S. 1, 24-25 (1983).

21

22  ───────────────

23  [3] After he was hired, Powell completed paperwork to verify his commercial drivers' license was in good standing. He appears to have executed a second arbitration agreement in connection with that process, but United Rentals is not relying on that agreement in this motion.  Murphy Decl., ¶ 6, Ex. B.

24

25  [4] The United States Supreme Court has held that the FAA reaches any transaction directly or indirectly affecting interstate commerce.  *See, e.g.*, *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967).  That requirement is met here because the

26  Agreement is between United Rentals, a Delaware company with its principal place of business in Connecticut, and Powell, a Washington resident.  Marzulla Decl., ¶ 3, Dkt. No. 56, ¶ 15.  *See Wulfe v. Valero Ref. Co.*, 641 Fed.

27  App'x. 758, 760 (9th Cir. 2016) (holding FAA applied to employment relationship between out-of-state employer and in-state employee).

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 7
4821-7902-8601v.8 0110505-000001

1   The FAA requires courts to compel arbitration where (1) a valid agreement to arbitrate

2   exists, and (2) the dispute falls within the scope of that agreement.  *Chiron Corp. v. Ortho*

3   *Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  However, the Ninth Circuit has

4   ruled that "these [two] gateway issues can be expressly delegated to the arbitrator where 'the

5   parties *clearly and unmistakably* provide otherwise.  [W]e hold that incorporation of the AAA

6   rules constitutes clear and unmistakable evidence that the contracting parties agreed to arbitrate

7   arbitrability."  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citations omitted)

8   (emphasis in original).[5]

9   Here, the Agreement states "the arbitration shall be arbitrated by a single arbitrator in

10  accordance with the Employment Arbitration Rules and Mediation Procedures established by

11  the American Arbitration Association ('AAA')."  Marzulla Decl., ¶ 4, Ex. A at 6.  Those AAA

12  rules, in turn, provide that "the arbitrator shall have power to rule on his or her own

13  jurisdiction, including any objections with respect to the existence, scope or validity of the

14  arbitration agreement."  Simpson Decl., ¶ 5, Ex. B at 17.

15  Therefore, under *Brennan*, the issues of the Agreement's validity and scope are for the

16  arbitrator to decide in the first instance.  The Court need go no further and should compel

17  Powell's claims to arbitration.  Out of an abundance of caution, however, United Rentals will

18  nonetheless address three gateway issues below:  whether a valid agreement exists; whether

19  Powell's individual claims fall within its scope; and whether Powell's putative class and

20  collective claims can be arbitrated.[6]

21

22

23

24  [5] The *Brennan* court added that "[o]ur holding today should not be interpreted to require that the contracting
    parties be sophisticated or that the contract be 'commercial' before a court may conclude that incorporation of the
25  AAA rules constitutes 'clear and unmistakable evidence of the parties' intent."  796 F.3d at 1130.

26  [6] The availability of class arbitration also is a gateway issue.  *Eshagh v. Terminix Int'l Co., L.P.*, 588 Fed. Appx.
    703, 704 (9th Cir. 2014) (availability of class-action arbitration is "gateway question[] of arbitrability"); *see also*
27  *Herrington v. Waterstone Mortgage Corp.*, No. 17-3609, ___ F.3d ___ n. 3 (7th Cir. 2018) ("[T]he parties can
    agree to delegate to an arbitrator the question whether an agreement authorizes class or collective arbitration.").

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 8
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1             **1.**       **Powell Entered Into a Valid Agreement to Arbitrate.**

2       State contract law determines whether a valid agreement to arbitrate exists.  *See First*

3 *Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties

4 agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply

5 ordinary state-law principles that govern the formation of contracts.").  Under Washington's

6 common law of contract, "[i]n order for a contract to be valid, there must have been an offer,

7 acceptance of the offer, and consideration."  *Sprinkle v. Gen. Dynamics Land Sys.*, 2010 WL

8 1330328, at *4 (W.D. Wash. Mar. 30, 2010) (citing *Yakima Cnty. Fire Prot. Dist. No. 12 (West*

9 *Valley) v. Yakima*, 122 Wn.2d 371, 389-90 (1993)).

10       All three requirements are present here.  United Rentals offered Powell a mutual

11 agreement to arbitrate, and Powell accepted several times over by clicking "I agree" on the

12 screen with the Agreement; affixing his electronic signature to the Agreement (and the other

13 application-related materials); and submitting his completed online application materials to

14 United Rentals.  *See, e.g.*, *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *3 (W.D. Wash.

15 Aug. 17, 2007) ("Plaintiff's assent to the terms of the License Agreement, manifested through

16 his 'clicking' the 'I agree' button, binds him to the terms of the License Agreement.")

17 (collecting cases); *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wn. App. 743,

18 765 (2007) ("The existence of mutual assent may be deduced from the circumstances . . . .

19 Signatures of the parties are not essential to the determination.") (citations omitted).  More than

20 sufficient consideration also supports the Agreement:  Powell and United Rentals made mutual

21 promises to arbitrate any disputes between them; United Rentals considered Powell's

22 employment application; and United Rentals subsequently offered Powell employment, which

23 he accepted when his employment began on May 11, 2015.  *See, e.g.*, *JP Morgan Chase Bank,*

24 *N.A. v. Jones*, 2016 WL 1182153, at *9 (W.D. Wash. Mar. 28, 2016) (noting offer of

25 employment and mutual arbitration commitments sufficient consideration for arbitration

26 agreement); *Sprinkle v. Gen. Dynamics Land Sys.*, 2010 WL 1330328, at *4 (W.D. Wash. Mar.

27 30, 2010) ("An offer of employment may constitute consideration for a party's consent to

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 9
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    subject his future employment related legal claims to arbitration.") (citations omitted);

2    *Browning v. 24 Hour Fitness, Inc.*, 2006 WL 151933, at *2 (W.D. Wash. Jan. 19, 2006) ("[T]he

3    agreement to arbitrate itself was supported by consideration.  Plaintiff accepted the offer of

4    employment with the arbitration provision as part of that offer.  Additionally, Defendant also

5    agreed to arbitrate any claims falling within the arbitration provision.").

6    Therefore, a valid agreement to arbitrate exists under Washington law.

7    **2.      Powell's Individual Claims Fall Within the Agreement's Scope.**

8    "To require arbitration, [the plaintiff's] factual allegations need only 'touch matters'

9    covered by the contract containing the arbitration clause and all doubts are to be resolved in

10   favor of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999).  Here,

11   Powell agreed to arbitrate "any and all disputes, claims, or controversies … that could be

12   brought in a court including, but not limited to, all claims arising out of … your

13   employment ….  The Agreement to Arbitrate includes, but is not limited to, claims under …

14   the Fair Labor Standards Act … or any other federal, state or local law, ordinance or

15   regulation."  Marzulla Decl., ¶ 4, Ex. A at 6.  Powell's claims here—that United Rentals

16   committed various wage-and-hour violations during his employment—fall within the scope of

17   the covered claims.  *See Brennan v. Opus Bank*, 2013 WL 2445430, at *7 (W.D. Wash. June 5,

18   2013) *aff'd*, 796 F.3d 1125 (9th Cir. 2015) (ordering wage-and-hour claims to arbitration where

19   parties agreed to arbitrate "any controversy or claim arising out of this Agreement *or the*

20   *Employee's employment with the bank or the termination thereof*").

21   Because both gateway elements are met, the Court should compel Powell's claims to

22   arbitration.

23   **3.      Arbitration Should be Limited to Powell's Individual Claims.**

24   While Powell's individual claims are subject to arbitration, he cannot bring any class or

25   collective claims in arbitration.  The FAA is designed to "ensure that private agreements to

26   arbitrate are enforced according to their terms." *Mastrobuono v. Shearson Lehman Hutton,*

27   *Inc.*, 514 U.S. 52, 53-54 (1995) (internal quotation marks and citation omitted).  "[A]rbitration

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 10
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  is a matter of contract and a party cannot be required to submit to arbitration any dispute which

2  he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83

3  (2002).  Accordingly, a court may compel class or collective arbitration only if the arbitration

4  clause expressly permits it.  *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662,

5  684 (2010) (class arbitration not allowed where agreement was silent on the issue of class

6  arbitration).

7       Here, the arbitration clause contains no authorization for class or collective arbitration.

8  Instead, Powell expressly waived any right to proceed on a class or collective basis, and the

9  agreement prohibits the arbitration of any class or collective claims.  Marzulla Decl., ¶ 4, Ex. A

10  at 6.  The Supreme Court recently reaffirmed the enforceability of such waivers.  *Epic Sys.*

11  *Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) ("The parties before us contracted for arbitration.

12  They proceeded to specify the rules that would govern their arbitrations, indicating their

13  intention to use individualized rather than class or collective action procedures.  And this much

14  the Arbitration Act seems to protect pretty absolutely."); *see also Coneff v. AT & T Corp.*, 673

15  F.3d 1155, 1160 (9th Cir. 2012) (holding *Concepcion*, 563 U.S. 333, impliedly overruled *Scott*

16  *v. Cingular Wireless*, 160 Wn.2d 843 (2007), in which the Supreme Court of Washington held

17  that class action waivers were substantively unconscionable).  Accordingly, only *Powell*'s

18  individual claims should be compelled to arbitration.

19       **B.**    **The Court Should Dismiss Powell's Individual Claims and the Putative Class and Collective Claims.**

20       The Court should also dismiss Powell's individual claims and the putative class and

21  collective claims.  A court ordering arbitration may either stay an arbitrable claim pending

22  arbitration or dismiss the claims in favor of arbitration.  *Sparling v. Hoffman Const. Co., Inc.*,

23  864 F.2d 635, 637-38 (9th Cir. 1988).  Where, as here, the Agreement's scope is "broad enough

24  to bar all of the plaintiff's claims," dismissal is the appropriate course because none of the

25  plaintiff's claims remain for the court to decide.  *See id.*

26

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 11
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  The Court also should dismiss the putative class and collective claims because, once the

2  Court dismisses Powell's individual claims, the putative class and collective lack a

3  representative plaintiff.  *See White v. Geren*, 310 Fed. App'x. 159, 160 (9th Cir. 2009)

4  (affirming district court's dismissal of class claims where complaint lacked adequate class

5  representative).  Although former named plaintiff Ricardo Castillo has filed an FLSA opt-in,

6  Dkt. No. 7-1, he previously represented to the Court that "[f]or personal reasons, I can no

7  longer act as a Named Plaintiff and represent the interests of the putative Class and Collective."

8  Dkt. No. 44-4 at ¶ 4.  At the very most, the Court should permit Castillo to seek to proceed with

9  his individual claims if he so chooses.

10  ## IV.    CONCLUSION

11  For the reasons discussed above, United Rentals respectfully requests that the Court

12  enter an order (1) compelling Powell to submit to binding arbitration the claims he asserts in

13  the TAC, and (2) dismissing his individual claims and the putative class and collective claims

14  in the absence of an adequate named plaintiff.

15  DATED this 6th day of November, 2018.

16  Davis Wright Tremaine LLP
    Attorneys for Defendant

17

18  By */s/ Sheehan Sullivan Weiss*
        Sheehan Sullivan Weiss, WSBA #33189
19      Ryan C. Hess, WSBA #50738
        Arthur A. Simpson, WSBA #44479
20      1201 Third Avenue, Suite 2200
        Seattle, WA  98101-3045
21      Telephone: (206) 622-3150
        Fax:  (206) 757-7700
22      E-mail:  sheehansullivanweiss@dwt.com
        E-mail:  ryanhess@dwt.com
23      E-mail:  arthursimpson@dwt.com

24

25

26

27

UNITED RENTALS' MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 12
4821-7902-8601v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2018, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to

those attorneys of record registered on the CM/ECF system.


        DATED this 6th day of November, 2018.



                            By */s/ Margaret C. Sinnott*
                               Margaret C. Sinnott

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax