1

2

THE HONORABLE JAMES L. ROBART

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

SEAN POWELL, on behalf of himself and all others similarly situated,

10

Plaintiff,

11

vs.

12

UNITED RENTALS (NORTH AMERICA), INC.,

13

14

Defendant.

15

16

Case No.: 2:17-cv-01573-JLR

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED RENTALS' MOTION TO COMPEL ARBITRATION AND TO DISMISS**

NOTE ON MOTION CALENDAR: December 7, 2018

ORAL ARGUMENT REQUESTED

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO COMPEL - i
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

**TABLE OF CONTENTS**

I.    INTRODUCTION .........................................................................................................1

II.   RELEVANT BACKGROUND ..................................................................................2

    A.    Procedural History. .......................................................................................2

    B.    Plaintiff's Job Application Process. ..............................................................2

    C.    The Purported Arbitration Agreement. .........................................................3

III.  ARGUMENT ................................................................................................................4

    A.    Legal Standard ...............................................................................................4

    B.    As a Matter of Contract, this Court is Prohibited From Hearing .............5

    Defendant's Motion. .................................................................................................5

    C.    Even Assuming this Court Could Entertain Defendant's Motion, it Should ............6

    be Denied. ...................................................................................................................6

        1.    This Court, and Not an Arbitrator, Must Determine Arbitrability.................6

        2.    Defendant's Arbitration Agreement is Unconscionable and Unenforceable..8

            i.    The Agreement is procedurally unconscionable...............................9

            ii.   The Agreement is substantively unconscionable. ...........................11

    D.    The offending terms of the Agreement cannot be severed. .....................13

    E.    The Court Should Deny Defendant's Motion to Dismiss Plaintiff's Individual and Class and Collective Claims or in the Alternative, and Permit Plaintiff to Substitute a New Representative Plaintiff. ................................................................14

V.    CONCLUSION ..........................................................................................................15

OPPOSITION TO MOTION TO COMPEL - i
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Allied-Bruce Terminix Cos., Inc. v. Dobson*
    513 U.S. 265 (1995)...................................................................................4

*Al-Safin v. Circuit City Stores*
    394 F.3d 1254 (9th Cir. 2005) ...............................................................13

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*
    475 U.S. 643 (1986)...................................................................................5

*Birmingham Steel Corp. v. Tennessee Valley Authority*
    353 F.3d 1331 (11th Cir. 2003) ..............................................................14

*Brennan v. Opus Bank*
    796 F.3d 1125 (9th Cir. 2015) .............................................................5, 7

*Doctor's Assocs., Inc. v. Casarotto*
    517 U.S. 681 (1996)...................................................................................4

*First Options of Chicago, Inc. v. Kaplan*
    514 U.S. 938 (1995)...............................................................................4, 5

*Flores v. American Seafoods Company*
    335 F.3d 904 (9th Cir. 2003) .................................................................10

*Galen v. Redfin Corp.*
    2015 WL 7734137 (N.D. Cal. 2015) .......................................................7

*Galilea, LLC v. AGCS Marine Ins. Co.*
    2016 WL 1328920 (D. Mont. Apr. 5, 2016).............................................7

*Granite Rock Co. v. Int'l Bhd. of Teamsters*
    561 U.S. 287 (2010)...................................................................................5

*Hose v. Henry Industries, Inc.*
    2016 WL 2755809 (May 12, 2016) ........................................................15

OPPOSITION TO MOTION TO COMPEL - ii
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

*Howsam v. Dean Witter Reynolds, Inc.*

   537 U.S. 79 (2002)............................................................................5

*Ingle v. Circuit City Stores, Inc.*

   328 F.3d 1165 (9th Cir. 2003) .......................................................12, 13

*Kilgore v. KeyBank, Nat'l Ass'n*

   718 F.3d 1052 (9th Cir. 2013) (en banc) .......................................5

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*

   363 F.3d 1010 (9th Cir. 2004) ........................................................5

*Lucas v. JBS Plainwell, Inc.*

   2012 WL 12854880 (Mar. 8, 2012) .................................................14

*Luna v. Household Fin. Corp.*

   236 F.Supp.2d 1166 (W.D. Wash. 2002)....................................9, 13

*McKee v. AT & T Corp.*

   164 Wash.2d 372 (2008)................................................................14

*Meadows v. Dickey's Barbecue Rest.*

   2015 WL 7015396 (N.D. Cal. 2015) ..............................................8

*Mohamed v. Uber Technologies, Inc.*

   848 F.3d 1201 (9th Cir. 2016) ........................................................6

*Money Mailer, LLC v. Brewer*

   2016 WL 1393492 (W.D. Wash. Apr. 8, 2016)...............................8

*Munro v. Univ. of S. California*

   896 F.3d 1088 (9th Cir. 2018) ........................................................5

*Myers v. TRG Customer Solutions Inc., d/b/a IBEX Global Solutions*

   2017 WL 5478398 (M.D. Ten. Nov. 15, 2017) ..............................15

*Nagrampa v. MailCoups, Inc.*

   469 F.3d 1257 (9th Cir. 2006) ........................................................6

OPPOSITION TO MOTION TO COMPEL - iii
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

*Oracle Am., Inc. v. Myriad Group A.G.*

724 F.3d 1069 (9th Cir. 2013) .................................................................6

*Phillips v. Ford Motor Co.*

435 F.3d 785 (7th Cir. 2006) .................................................................14

*Rent-A-Center, West, Inc. v. Jackson*

561 U.S. 63 (2010)...................................................................................8

*Tompkins v. 23andMe, Inc.*

2014 WL 2903752 (N.D. Cal. June 25, 2014) .......................................8

*Vargas v. Delivery Outsourcing, LLC*

2016 WL 946112 (N.D. Cal. 2016) ........................................................8

*Velasquez v. GMAC Mortg. Corp.*

2009 WL 2959838 (C.D. Cal. Sep. 10, 2009).......................................14

**State Cases**

*Adler v. Fred Lind Manor*

153 Wn.2d 331 (2005) ..................................................................... passim

*Am. Legion Post No. 149 v. Dep't of Health*

164 Wn.2d 570 (2008) .............................................................................8

*Armendariz v. Foundation Health Physhcare Servs., Inc.*,

24 Cal. 4th 83, 6 P.3d 669 (2000) ........................................................11

*Ashburn v. Safeco Ins. Co. of Am.*

42 Wn.App. 692, *review denied*, 105 Wn.2d 1016 (1986) ......................11

*Dirk v. Amerco Marketing Co. of Spokane*

88 Wn.2d 607 (1977) ...............................................................................8

*Gandee v. LDL Freedom Enters., Inc.*

176 Wn.2d 598 (2013) .........................................................................9, 13

OPPOSITION TO MOTION TO COMPEL - iv
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

*Hill v. Garda CL Nw., Inc.*,

    179 Wn.2d 47 (2013) ......................................................................................................11

*Mieske v. Bartell Drug Co.*

    92 Wn.2d 40 (1979) ..........................................................................................................9

*Nelson v. McGoldrick*

    127 Wn.2d 124 (1995) ......................................................................................................9

*Saleemi v. Doctor's Assocs., Inc.*,

    176 Wn.2d 368 (2013) ......................................................................................................5

*Tjart v. Smith Barney, Inc.*

    107 Wn.App. 885 (2001) ..................................................................................................9

*Zuver v. Airtouch Communications, Inc.*

    153 Wn.2d 293 (2004) ............................................................................................9, 10, 11

**Statutes**

9 U.S.C. §§ 1–16 ....................................................................................................................5

9 U.S.C. § 2 ............................................................................................................................4

42 U.S.C. § 2000e–5(e)(1) ...................................................................................................12

RCW 49.60.230(2) ...............................................................................................................12

RCW 7.04A ............................................................................................................................5

RCW 7.04A.060 ..................................................................................................................5, 6

**Rules**

Federal Rules of Civil Procedure 23 ....................................................................................14

**Other Authorities**

Federal Arbitration Act ("FAA") .............................................................................4, 5, 8, 11

Restatement (Second) of Conflict of Laws § 187 ................................................................10

Washington Arbitration Act ("WAA") ...............................................................................5, 8

OPPOSITION TO MOTION TO COMPEL - v
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

## I.   __INTRODUCTION__

Arbitration is a matter of contract, nothing more.  As such, when a court is asked to enforce an arbitration agreement, the court must look to the terms of that agreement, mindful of the defenses that apply to any other contract dispute.

As a matter of contract and law, this Court cannot compel Plaintiff Sean Powell's ("Plaintiff") claims to arbitration. First and foremost, the plain terms of United Rentals (North America), Inc.'s ("Defendant") arbitration agreement expressly deprives this Court of jurisdiction from entertaining Defendant's motion.  While Defendant insists this Court must woodenly compel arbitration and delegate all threshold issues of arbitrability to an arbitrator merely because the agreement references the rules of the American Arbitration Association ("AAA"), the express terms of Defendant's agreement clearly state that only a state or federal court in the State of Connecticut may interpret or enforce the agreement. For this reason alone, Defendant's motion must be denied.

But even if a token reference to the AAA rules could somehow overcome an express provision specifically detailing how threshold issues of arbitrability are to be determined, case law in the Ninth Circuit is clear that reference to AAA rules is insufficient to overcome the presumption that courts will determine arbitrability when applied to unsophisticated parties.  There is no dispute that Plaintiff is an unsophisticated party. As such, if the Court determines it may consider Defendant's motion, it must evaluate the agreement's enforceability, including any and all ordinary contract defenses Plaintiff presents.

As a matter of law, Defendant's arbitration agreement is unenforceable.  Under Washington law, a purported agreement to arbitrate can be invalidated on procedural unconscionability grounds *alone*.  Here, the express terms of the agreement confirm that Plaintiff would not be considered for employment unless he assented to Defendant's oppressive arbitration provision.  Having eliminated

OPPOSITION TO MOTION TO COMPEL - 1
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

any choice in assenting to the arbitration provision, the agreement is as procedurally unconscionable as an arbitration agreement can be, which independently justifies a refusal to enforce it.

The agreement is substantively unconscionable as well. The agreement seeks to substantially limit the limitations period for Plaintiff's claims and is entirely one-sided in the scope of claims subject to arbitration. Thus, even if the Court evaluates whether Defendant's arbitration agreement should be enforced – it should not, because Defendant's own agreement prohibits the Court from doing so – it is unenforceable under ordinary principles of contract.

## II.    RELEVANT BACKGROUND

### A.    Procedural History.

On October 23, 2017, Plaintiff Ricardo Castillo filed a collective and class action Complaint in this Court. *See* ECF 1. On July 17, 2018, Plaintiff filed his Second Amended Complaint to substitute Plaintiff Ricardo Castillo with Plaintiff Sean Powell as named representative. ECF 53. Plaintiff Sean Powell ("Plaintiff"), on behalf of himself and all others similarly situated, alleges that Defendant denied him and all putative class members proper payment of all wages (including minimum wage, overtime, and improper deductions), failed to authorize, permit, or make available rest periods and meal periods, failed to pay all amounts due upon voluntary or involuntary termination, and willfully refused to pay all wages owed. *See* ECF 56.

### B.    Plaintiff's Job Application Process.

Plaintiff was employed by Defendant in Washington. Declaration of Sean Powell ("Powell Decl."), at ¶ 4. Prior to Plaintiff's employment with Defendant as a Driver, Plaintiff completed the required job application for Defendant online. *Id.* at ¶¶ 4 – 5. This job application required Plaintiff's work history and personal information. *Id.* at ¶ 5. Once Plaintiff filled out all mandatory fields, Plaintiff submitted the job application in one form, as required by Defendant. *Id.*

OPPOSITION TO MOTION TO COMPEL - 2
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

For this job application process, Plaintiff does not recall creating a login or password, submitting a signature, or executing an arbitration agreement. *Id.* at ¶¶ 7 – 9. Nor does Plaintiff recall authorizing anyone to do so on his behalf. *Id.*

At the time Plaintiff submitted this job application, Plaintiff had "no experience with sophisticated contracts or the rules of arbitration." *Id.* at ¶ 6. And at no point did Plaintiff receive any rules for arbitration from Defendant. *Id.*

### C.   The Purported Arbitration Agreement.

On September 12, 2018, Defendant's counsel produced a document to Plaintiff, and purported that the document was Plaintiff's executed arbitration agreement in this matter. Declaration of David C. Leimbach ("Leimbach Decl."), at ¶ 3, Ex. 1. The document is not titled, and instead, merely begins as:

> PLEASE REVIEW THIS SCREEN CAREFULLY BECAUSE IT CONTAINS BINDING CONTRACTUAL TERMS THAT AFFECT YOUR LEGAL RIGHTS. BY SELECTING THE "I ACCEPT" BUTTON BELOW YOU ARE AGREEING TO BE BOUND TO ALL OF THE TERMS CONTAINED IN THIS SCREEN.

(hereafter referred to as "Agreement") *Id.* at p. 1. The Agreement is separated into six different sections, labeled "A" through "E." *See generally id.*

Among other things, the Agreement provides, under section B, entitled "Claims Not Covered By This Agreement," that virtually any claim Defendant may bring against Plaintiff is not subject to arbitration, including those to enforce Defendant's trade secret and confidentiality agreements. *Id.* at p. 1, § B.

Section D of the Agreement provides several provisions critical to this motion. First and foremost, Section D makes plain that this Court has no jurisdiction to entertain Defendant's Motion:

> The interpretation and enforcement of the terms contained herein, and, if necessary, any request to enforce the decision of the arbitrator, shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal

OPPOSITION TO MOTION TO COMPEL - 3
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

courts in the District of Connecticut and you hereby consent that such courts be granted exclusive jurisdiction for such purpose.

*Id.* at p. 2, § D.

Section D of the Agreement unconscionably seeks to restrain Plaintiff's basic employee protections under Washington law by condensing the limitations period for bringing the wage and hour claims at issue:

Any claim for arbitration will be timely only if brought within the time in which an administrative charge or complaint would have been filed if the claim is one which could be filed with an administrative agency.  If the arbitration claim raises an issue which could not have been filed with an administrative agency, then the claim must be filed within the time set by the appropriate statute of limitation.

*Id.* at p. 1, § D.

Finally, the Agreement memorializes its procedural unconscionability, stating that "[t]he Company will not consider your application unless this Agreement is accepted. By entering into this Agreement, you are giving up certain rights, including the right to file a lawsuit in a court of law or have a jury trial."  *Id.* at p. 2, § E.

## III.   ARGUMENT

### A.   Legal Standard

The Federal Arbitration Act ("FAA") provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 281 (1995). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a

OPPOSITION TO MOTION TO COMPEL - 4
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

certain matter," courts "should apply ordinary state-law principles that govern the formation of

contracts.").[1]

"The basic role for courts under the FAA is to determine (1) whether a valid agreement to

arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore*

*v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (internal quotation marks

and citation omitted); *Lifescan, Inc. v. Premier Diabetic Servs., Inc*., 363 F.3d 1010, 1012 (9th Cir.

2004) (same).  A court may compel the parties to arbitration only when they have agreed to arbitrate

the dispute at issue. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302-03 (2010).

### B.    As a Matter of Contract, this Court is Prohibited From Hearing Defendant's Motion.

The FAA's primary purpose is that "of ensuring that private agreements to arbitrate are

enforced according to their terms." *Munro v. Univ. of S. California*, 896 F.3d 1088, 1092 (9th Cir.

2018).  "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway'

issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the

agreement covers the dispute." *Brennan v. Opus Bank,* 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting

*Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002)). However, these gateway issues

can be expressly delegated to a different tribunal where "the parties clearly and unmistakably

provide otherwise." *Brennan,* 796 F.3d at 1130 (quoting *AT & T Techs., Inc. v. Commc'ns Workers

of Am.,* 475 U.S. 643, 649 (1986)); *see also First Options of Chicago, Inc.*, 514 U.S. at 944.

As drafted by Defendant, the Agreement provides that "[t]he interpretation and enforcement

of the terms contained herein . . . shall be resolved and determined exclusively by the state court

---

[1]  Both the FAA and the WAA reflect the fundamental principle that arbitration is a matter of contract. *See* 9 U.S.C. §§ 1–16; RCW 7.04A *et seq*. FAA Section 2, the "primary substantive provision," provides: "A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The WAA contains a provision that is substantively the same. RCW 7.04A.060(1); *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368, 375 (2013) (explaining that the WAA and FAA are substantially similar).

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut." *See* Leimbach Decl. at ¶ 3, Ex. 1 at p. 2, § D.  Based on this language, if Defendant wishes to enforce the terms of its arbitration agreement, it may *only* do so in a Connecticut court. *See id.*   As a matter of contract – which is all a motion to compel arbitration is – this Court is without authority to grant Defendant's motion.

### C.   Even Assuming this Court Could Entertain Defendant's Motion, it Should be Denied.

#### 1.   This Court, and Not an Arbitrator, Must Determine Arbitrability.

The mere existence of the purported Agreement does not grant this Court the ability to delegate all issues of arbitrability to the arbitrator.   "[U]nlike the arbitrability of claims in general, whether the court or the arbitrator decides arbitrability is 'an issue for judicial determination unless the parties *clearly and unmistakably provide otherwise.*'" *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (citations omitted). "In other words, there is a presumption that courts will decide which issues are arbitrable; the federal policy in favor of arbitration does not extend to deciding questions of arbitrability." *Id.*; *see e.g., Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268 (9th Cir. 2006) (*en banc*) ("The arbitrability of a particular dispute is a threshold issue to be decided by the courts."); *Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013) (same).[2]

Defendant's arbitration agreement does not contain an express delegation clause. Instead, Defendant argues that simply by referencing the AAA rules, the parties "clearly and unmistakably" agreed to arbitrate arbitrability.  *See* ECF 62, 12: 9 – 20. Apparently, these rules allow an arbitrator to determine his or her own jurisdiction.  *See Ibid.* Plaintiff can only take Defendant's word for it, as the AAA rules were never provided to Plaintiffs. *See* Powell Decl. at ¶ 6.  Nevertheless, Defendant is mistaken for at least two reasons.

---

[2] Washington law also follows this presumption, allocating authority to the courts to decide whether "a controversy is subject to an agreement to arbitrate." RCW 7.04A.060(2).

OPPOSITION TO MOTION TO COMPEL - 6
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

First, Defendant's arbitration agreement expressly delegates threshold issues of arbitrability to a court of law in Connecticut. *See supra,* Section III.B.  At an absolute minimum, this provision prevents a finding that the parties "clearly and unmistakably" intended to arbitrate arbitrability. *See Galen v. Redfin Corp.,* 2015 WL 7734137, at \*6 (N.D. Cal. 2015) ("a lack of clarity in the delegation clause, or inconsistencies between the delegation clause and the rest of the contract, can result in a finding that the question of arbitrability was not clearly and unmistakably delegated.").

Second, merely referencing AAA Rules in a contract involving unsophisticated parties does not constitute a clear and unmistakable agreement to arbitrate arbitrability. It is true that, under some circumstances, incorporating the AAA rules into an agreement can evince a "clear and unmistakable" intent to delegate. *See Brennan,* 796 F.3d at 1131. But the *Brennan* court limited its holding to the facts of the case: an arbitration agreement between two sophisticated parties, one an experienced attorney and businessman and the other a regional financial institution. *Id.* at 1131. *Brennan* expressly left open the question of whether the same rule would apply when fewer than all the parties to an arbitration agreement were sophisticated. *Id.*

Post-*Brennan*, district courts in the Ninth Circuit overwhelmingly conclude that this incorporation rule does not apply when a party to the contract is an unsophisticated consumer or employee.[3]  *See*, *e.g., Tompkins v. 23andMe, Inc.,* 2014 WL 2903752, at \*11-12 (N.D. Cal. June

---

[3] Some district courts even require a higher level of sophistication beyond a mere "modicum" or "minimal sophistication" to apply this incorporation rule.  *See e.g., Galilea, LLC v. AGCS Marine Ins. Co*., 2016 WL 1328920, at \*3 (D. Mont. Apr. 5, 2016) (observing that because parties to contract were neither attorneys nor insurance professionals they were "unsophisticated"); *Meadows*, 144 F. Supp. 3d at 1078-79 (concluding that plaintiffs were not sophisticated because they did not have prior experience running a business or owning a franchise, there was no evidence that they had legal experience or other prior experience dealing with complicated contracts, and they were required to sign a complicated contract drafted by defendant that contained "a myriad of legal terms").

OPPOSITION TO MOTION TO COMPEL - 7
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

25, 2014) (consumer); *Meadows v. Dickey's Barbecue Rest.,* 2015 WL 7015396 (N.D. Cal. 2015) (employees); *Vargas v. Delivery Outsourcing, LLC,* 2016 WL 946112 (N.D. Cal. 2016) (employees); *Money Mailer, LLC v. Brewer*, 2016 WL 1393492, at *2 (W.D. Wash. Apr. 8, 2016) (franchisee).

These outcomes are hardly surprising. After all, the question is whether the language of an agreement provides "clear and unmistakable" evidence of delegation. The "clear and unmistakable" requirement is an "interpretive rule" based on an assumption about the parties' expectations. *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 70, n. 1 (2010). To a large corporation (like Defendant) or a sophisticated attorney (like Brennan), it is reasonable to assume familiarity with the AAA's rules. But applied to an inexperienced individual, untrained in the law, such a conclusion is unreasonable. Here, there is no dispute that Plaintiff is an unsophisticated party.[4] *See* Powell Decl. at ¶ 6.  Indeed, Plaintiff does not even have a recollection of executing any arbitration agreement with Defendant. *See supra*, Section II.B. Because Defendant's reference to AAA rules is not a clear and unmistakable delegation clause as applied to Plaintiff, the clause is inapplicable, and this Court must evaluate Plaintiff's defenses.

### 2.  Defendant's Arbitration Agreement is Unconscionable and Unenforceable.

Under either the FAA or the Washington Arbitration Act ("WAA"), an arbitration clause that is unconscionable under the governing state law cannot be enforced. "In Washington, either

---

[4] Generally, contracts "should be construed against the drafter." *Dirk v. Amerco Marketing Co. of Spokane*, 88 Wn.2d 607, 614 (1977). Similarly, a void-for-vagueness claim may require the doing of an act in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application. *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 612 (2008). As Defendant apparently sees it, the express Connecticut delegation provision is meaningless language that must yield to a token AAA reference.  But plainly, a person of common intelligence would not know the express Connecticut delegation provision was toothless, or that breezy reference to AAA rules – one that does not even mention delegation – could somehow supersede the express delegation provision.

OPPOSITION TO MOTION TO COMPEL - 8
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

substantive **or** procedural unconscionability is sufficient to void a contract." *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 603 (2013) (emphasis in original) (holding arbitration clause in debt adjusting contract substantively unconscionable and unenforceable); *see also Adler v. Fred Lind Mano*r, 153 Wn.2d 331, 347 (2005) ("Accordingly we now hold that substantive unconscionability alone can support a finding of unconscionability."); *Luna v. Household Fin. Corp.*, 236 F.Supp.2d 1166, 1174 (W.D. Wash. 2002) (noting that "under Washington law a contract may be invalidated on procedural unconscionability **or** substantive unconscionability grounds"); *Tjart v. Smith Barney, Inc.*, 107 Wn.App. 885, 898 (2001) (evaluating unconscionability on procedural grounds alone). "The existence of an unconscionable bargain is a question of law for the courts." *Nelson v. McGoldrick*, 127 Wn.2d 124, 131 (1995) (citing *Mieske v. Bartell Drug Co.*, 92 Wn.2d 40, 50 (1979)).

### i.   The Agreement is procedurally unconscionable.

Procedural unconscionability exists where the circumstances surrounding the parties' transaction show that the weaker party lacked a meaningful choice. *Zuver v. Airtouch Communications, Inc.*, 153 Wn.2d 293, 304 (2004). Although the "key inquiry for finding procedural unconscionability is whether [Plaintiff] lacked a meaningful choice," courts consider the following factors to determine whether an adhesion contract exists:

> (1) whether the contract is a standard form printed contract, (2) whether it was prepared by one party and submitted to the other on a take it or leave basis, and (3) whether there was no true equality of bargaining power between the parties.

*Adler*, 153 Wn.2d at 347-49 (internal quotation marks omitted) (explaining that adhesion contracts are not necessarily procedurally unconscionable). When a prospective employer presents new employees with a standard form contract to be signed as a condition of employment, it is self-evident that the employee cannot negotiate the terms with the employer, and the contract is an

OPPOSITION TO MOTION TO COMPEL - 9
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

adhesion contract. *Zuver*, 153 Wn.2d at 304.

This is the case here.  Plaintiff did not draft any portion of the Agreement or have any opportunity to negotiate any of its terms. *See* Powell Decl. at ¶¶ 5 – 9. This boilerplate form Agreement is an adhesion contract.  The key terms of the Agreement are buried in dense legal language. *See* Leimbach Decl. at ¶ 3, Ex. 1 at pp. 1-2, §§ B, D.   In fact, the Agreement is not even prefaced by a title to indicate that it is an arbitration agreement.  *See generally id*.  Critically, the Agreement memorializes its procedural unconscionability, demanding consent to all of its terms, with no opportunity to opt-out, negotiate, or change the terms whatsoever. *See id*. at p. 2, § E ("[t]he Company will not consider your application unless this Agreement is accepted"); *See also* Rest. 2nd Confl. § 187, cmt. b (defining adhesion contract as "one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or leave-it' basis to the weaker party who has no real opportunity to bargain about its terms.").

Because the Agreement is an adhesion contract, substantial injustice will result if it is nonetheless enforced.[5]  The Agreement would deprive Plaintiff of substantial rights, including his right to a jury and his right to maintain a private representative action on a collective or class basis in court.  *See Adler*, 153 Wn.2d at 350, fn. 9 ("If the trial court finds that Adler has proved his claim of procedural unconscionability, in accordance with the facts of this particular case such a finding will necessarily lead to a finding that Adler's waiver of his right to a jury was not 'knowing, voluntary, and intelligent.' If such a finding is ultimately made, the arbitration agreement would be void.").  This Court cannot allow the enforcement of this Agreement and deprive Plaintiff, whose

---

[5] In applying the "substantial injustice" standard of § 187, courts have focused on the factors typically considered when evaluating procedural unconscionability: (1) the sophistication of the parties; (2) the manner of negotiation, including whether it was at arms' length; and (3) whether one party was overreaching or taking advantage of another party. *See Flores v. American Seafoods Company*, 335 F.3d 904, 918 (9th Cir. 2003).

OPPOSITION TO MOTION TO COMPEL - 10
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

of lack of sophistication and inability to make any meaningful choice about the Agreement left him to the mercy of Defendant's self-serving terms, of his substantial rights. The obvious procedural unconscionability of the Agreement renders the entire Agreement unenforceable. The Court should deny Defendant's Motion on this basis alone.

### ii. The Agreement is substantively unconscionable.

An arbitration clause is substantively unconscionable "where it is overly or monstrously harsh, is one-sided, shocks the conscience, or is exceedingly calloused." *Hill v. Garda CL Nw., Inc.*, 179 Wn.2d 47, 55 (2013) (affirming refusal to enforce arbitration provision in employment contract in a case involving wage and hour violations). Arbitration provisions that require an employee to arbitrate her claims, but do not require her employer to do so, are unfairly one-sided and unconscionable. *See Zuver*, 153 Wn.2d at 316–17 & n.16 (explaining that unilateral arbitration agreements imposed on the employee by the employer reflect the very mistrust of arbitration that the FAA is supposed to remedy (quoting *Armendariz v. Foundation Health Physhcare Servs., Inc.*, 24 Cal. 4th 83, 120–21, 6 P.3d 669 (2000)).

The instant Agreement is substantively unconscionable and especially one-sided in favor of Defendant for two reasons. First, the limitations period for arbitrating claims is significantly shorter than the statute of limitations for filing a private suit. "Limitation of actions provisions in a contract prevail over general statutes of limitations unless prohibited by statute or public policy, or unless they are unreasonable." *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wn.App. 692, 696, *review denied*, 105 Wn.2d 1016 (1986)). An arbitration agreement can be determined to be substantively unconscionable where one party is required by the agreement to forgo his right to file claims under a longer statute of limitations, thus providing the benefiting party with unfair advantages. *Adler*, 153 Wn.2d at 357 ("By limiting the period of time in which its employees may bring discrimination claims, Fred Lind Manor obtains unfair advantages.").

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

Here, the Agreement provides that unless "the arbitration claim raises an issue which could not have been filed with an administrative agency," "[a]ny claim for arbitration will be timely only if brought within the time in which an administrative charge or complaint would have been filed if the claim is one which could be filed with an administrative agency." *See* Leimbach Decl. at ¶ 3, Ex. 1 at p. 1, § D (emphasis added).   As it was the case in *Adler,* the Agreement is substantively unconscionable because it requires Plaintiff to potentially forgo the opportunity to file his complaint and have that complaint investigated and mediated by the EEOC or Washington Human Rights Commission (WHRC), and instead timely pursue his claim against Defendant at arbitration. *See* RCW 49.60.230(2) (complaint filed with the WHRC under the Washington State Law Against Discrimination "must be so filed within six months after the alleged act"); 42 U.S.C. § 2000e–5(e)(1) (under Title VII, plaintiff must file an employment discrimination charge with the EEOC either 180 or 300 days after an "alleged unlawful employment practice occurred").

Second, the Agreement is one-sidedly drafted by Defendant, in favor of Defendant.  The potential claims listed as examples in the Agreement apply only to disputes brought by employees, and not to disputes brought by Defendant against its employees. *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1174 (9th Cir. 2003).  Instead, Defendant conveniently carves out claims *not* subject to arbitration to its own benefit.  For example, Defendant provides that the Agreement covers "claims covered by a written employment agreement, or trade secret & confidentiality agreement which expressly provides for resolution of disputes in accordance with that agreement's terms," *see* Leimbach Decl. at ¶ 3, Ex. 1 at p. 1, § B, thus rendering all other claims for trade secret and confidentiality – claims which only employers would bring – as nonarbitrable.

The one-sided construction of the Agreement is further supported by the language on which Defendant relies.  Such language includes "[b]y entering into this Agreement, ***you*** are giving up

OPPOSITION TO MOTION TO COMPEL - 12
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

certain rights." *Id*. at p. 2, § E (emphasis added). Based on Defendant's Motion, Plaintiff purportedly signed the agreement alone, *see* ECF 62, 6: 19 – 7: 1, and Plaintiff alone was required to "give up" his rights by signing the Agreement. Substantive unconscionability thus exists throughout this Agreement and alone renders the entire Agreement unenforceable.

**D.      The offending terms of the Agreement cannot be severed.**

Washington courts strive to enforce the terms of an agreement if the agreement can be saved by severing unconscionable terms. *Gandee*, 176 Wn.2d at 607. But where "the unconscionable terms pervade the entire clause," and severing the unconscionable terms would essentially require rewriting the clause, the court should instead deny enforcement. *Id*.; *See, e.g., Adler* at 358 (citing *Ingle*, 328 F.3d at 1180 (holding that the employer's "insidious pattern" of seeking to tip the scales in its favor during employment disputes justified a decision to declare the entire agreement unenforceable)); *Al-Safin v. Circuit City Stores*, 394 F.3d 1254, 1262 (9th Cir. 2005) (noting that "courts may decline to sever the unconscionable provisions" of an arbitration agreement when one party "engages in an 'insidious pattern' of seeking to tip the scales in its favor . . . by inserting numerous unconscionable provisions in an arbitration agreement") (internal citations and marks omitted); *accord Luna*, 236 F.Supp.2d at 1183 (finding that "severance of the offending provisions is inappropriate" because "the unconscionable provisions are interrelated and each serves to magnify the one-sidedness of the others").

In *Gandee*, the Washington Supreme Court found that the "short four-sentence arbitration clause containing three unconscionable provisions" could not be saved by severing provisions. 176 W.2d at 603.  The unconscionable provisions described above pervade the entire Agreement to benefit Defendant alone, and the Court should refuse to sever those provisions and instead, declare the entire Agreement void. Each of these unconscionable provisions operate in concert, tainting the

OPPOSITION TO MOTION TO COMPEL - 13
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100

1
2    entire Agreement and eliminating "any realistic possibility of relief." *McKee v. AT & T Corp*., 164

3    Wash.2d 372, 403 (2008) (en banc). As such, the pervasive nature of these unconscionable terms,

4    acting in unseverable concert, serve to invalidate the Agreement.

5           **E.     The Court Should Deny Defendant's Motion to Dismiss Plaintiff's Individual
                    and Class and Collective Claims or in the Alternative, and Permit Plaintiff to**
6                   **Substitute a New Representative Plaintiff.**

7           If the Court determines that it has the jurisdiction to entertain, and further enforce the

8    Agreement, the Class and Collective should not be dismissed because live claims exist.  This case

9    was never solely about the claims of just one individual.  Both Plaintiff and opt-in plaintiff Ricardo

10   Castillo have opted-in to this matter.    Opt-in plaintiff Ricardo Castillo's claims have not been

11   dismissed, and thus retains standing in this action. *Phillips v. Ford Motor Co*., 435 F.3d 785, 787

12   (7th Cir. 2006) (Posner, J.); *see also Velasquez v. GMAC Mortg. Corp.*, 2009 WL 2959838 at *3

13   (C.D. Cal. Sep. 10, 2009) (explaining "[t]he reason substitution is appropriate after class

14   certification is that "once certified, a class acquires a legal status separate from that of the named

15   plaintiffs," such that the named plaintiff's loss of standing does "not necessarily call for the

16   simultaneous dismissal of the class action, if members of that class might still have live claims.")

17   (citing *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1336 (11th Cir.

18   2003) (citation omitted and emphasis added)).

19
20          This fact will not change even if Mr. Powell doffs the mantle as named representative,

21   because at least one live claim – that of Mr. Castillo's – remain, thus allowing this Court to follow

22   the footsteps of other district courts and allow Plaintiff the opportunity to substitute a new

23   representative plaintiff where necessary. *See, e.g., Lucas v. JBS Plainwell, Inc.,* 2012 WL

24   12854880, at *10 (Mar. 8, 2012) (granting motion to dismiss plaintiff and granting plaintiff's

25   counsel the opportunity to substitute named plaintiffs from opt-in plaintiffs in a hybrid Rule 23 and

26
27
28

FLSA action); *Myers v. TRG Customer Solutions Inc., d/b/a IBEX Global Solutions*, 2017 WL 5478398 (M.D. Ten. Nov. 15, 2017) (granting motion to amend Complaint to substitute appropriate named plaintiffs from among current opt-in plaintiffs); *see also Hose v. Henry Industries, Inc.*, 2016 WL 2755809 at *8 (May 12, 2016) (ordering Plaintiff to designate a representative plaintiff among those who have opted-in to the FLSA collective).

The Court should therefore deny Defendant's request to dismiss Plaintiff's individual and class collective claims, or in the alternative, allow Plaintiff the opportunity to substitute a new representative plaintiff.

## V.   **CONCLUSION**

For all the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's motion to compel arbitration and to dismiss.

Dated: December 3, 2018                    Respectfully submitted,


                                           */s/ David C. Leimbach*
                                           Carolyn H. Cottrell (*Admitted Pro Hac Vice*)
                                           David C. Leimbach (*Admitted Pro Hac Vice*)
                                           SCHNEIDER WALLACE
                                           COTTRELL KONECKY
                                           WOTKYNS LLP
                                           2000 Powell Street, Suite 1400
                                           Emeryville, California 94608
                                           Telephone: (415) 421-7100
                                           Facsimile:  (415) 421-7105


                                           Beth E. Terrell (WA Bar No. 26759)
                                           Jennifer R. Murray (WA Bar No. 36983)
                                           Erika L. Nusser (WA Bar No. 40854)
                                           Terrell Marshall Law Group PLLC
                                           936 N 34th Street, Suite 300
                                           Seattle, Washington 98103
                                           Telephone: (206) 816-6603
                                           Facsimile:  (206) 319-5450


                                           Attorneys for Plaintiff and the Putative Class and
                                           Collective

OPPOSITION TO MOTION TO COMPEL - 15
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

1
2

## CERTIFICATE OF SERVICE

3

    I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the

4

Court for the United States District Court, Northern District of California, by using the Court's

5

CM/ECF system on December 3, 2018.

6

    I certify that all participants in the case are registered CM/ECF users and that service will be

7

accomplished by the Court's CM/ECF system.

8
9

                    */s/ David C. Leimbach*
                    David C. Leimbach

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO MOTION TO COMPEL - 16
ARBITRATION AND TO DISMISS
(No.: 2:17-cv-01573-JLR)

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
415-421-7100