The Honorable James L. Robart

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

9    SEAN POWELL, individually and on
     behalf of all others similarly situated,
10
                                              No. 2:17-cv-01573-JLR
11                        Plaintiff,
                                              DEFENDANT UNITED RENTALS'
12        v.                                  REPLY IN SUPPORT OF MOTION TO
                                              COMPEL ARBITRATION AND TO
13   UNITED RENTALS (NORTH AMERICA),          DISMISS
     INC.,
14                                            NOTE ON MOTION CALENDAR:
                          Defendant.          December 7, 2018
15
                                              **ORAL ARGUMENT REQUESTED**
16

17

18

19

20

21

22

23

24

25

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR)
  4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF REPLY ................................................................................... 1

II.   ARGUMENT ................................................................................................. 1

    A.    United Rentals' Motion is Largely Unopposed. .................................................. 1

    B.    The Choice-of-Venue Clause Does Not Limit the Court's Authority. ................. 2

    C.    The Arbitration Agreement Delegates Gateway Issues to the Arbitrator. ............ 3

    D.    The Arbitration Agreement is Neither Procedurally Nor Substantively
        Unconscionable under Washington Law. ............................................................ 5

        1.    Powell Fails to Demonstrate Procedural Unconscionability. ................... 5

        2.    Powell Fails to Demonstrate Substantive Unconscionability. .................. 8

    E.    The Court Should Dismiss Powell's Individual Claims and the Putative
        Class and Collective Claims. ............................................................................ 11

III.  CONCLUSION ............................................................................................ 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
   571 U.S. 49 (2013) ...................................................................................................3

*Baosteel Am., Inc. v. M/V "OCEAN LORD"*,
   257 F. Supp. 2d 687 (S.D.N.Y. 2003) ....................................................................3

*BBC Chartering & Logisitic, GmbH & Co. v. Vestas Am. Wind Tech., Inc.*,
   2009 WL 1812251 (W.D. Wash. June 23, 2009) ....................................................3

*Brennan v. Opus Bank*,
   796 F.3d 1125 (9th Cir. 2015) .......................................................................1, 3, 4, 5

*Castillo v. United Rentals (N. Am.), Inc.*,
   2018 WL 3429936 (W.D. Wash. July 16, 2018)....................................................11

*Cockerham v. Sound Ford, Inc.*,
   2006 WL 2841881 (W.D. Wash. Sept. 29, 2006) (Robart, J.) ...................... *passim*

*Cont'l Grain Co. v. Dant & Russell*,
   118 F.2d 967 (9th Cir. 1941) ..................................................................................2

*Fruth v. AGCS Marine Ins. Co.*,
   2016 WL 6806368 (N.D. Cal. Mar. 31, 2016) ........................................................4

*Galilea, LLC v. AGCS Marine Ins. Co.*,
   2016 WL 1328920 (D. Mont. Apr. 5, 2016), *aff'd in part, rev'd in part and*
   *remanded*, 879 F.3d 1052 (9th Cir. 2018) .............................................................5

*Godsey v. Miller*,
   9 Fed.Appx. 380 (6th Cir.2001) .............................................................................2

*Huang v. Washington Mut. Bank*,
   2008 WL 4103918 (W.D. Wash. Aug. 25, 2008)....................................................8

*Licensed Practical Nurses, Technicians & Health Care Workers of New York,*
   *Inc. v. Ulysses Cruises, Inc.*,
   131 F. Supp. 2d 393 (S.D.N.Y. 2000) .....................................................................2

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ....................................................................................................2

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
   (2:17-cv-01573-JLR) - ii
   4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*McLellan v. Fitbit, Inc.*,
  2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) ...................................................................4

*Miller v. Time Warner Cable Inc.*,
  2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ..................................................................4

*Perini Corp. v. Orion Ins. Co.*,
  331 F. Supp. 453 (E.D. Cal. 1971) ..................................................................................2

*Selliken v. Country Mut. Ins. Co.*,
  2013 WL 4759083 (E.D. Wash. Sept. 4, 2013) ...............................................................2

*Sprinkle v. Gen. Dynamics Land Sys.*,
  2010 WL 1330328 (W.D. Wash. Mar. 30, 2010) .......................................................7, 10

*Tompkins v. 23andMe, Inc.*,
  2014 WL 2903752 (N.D. Cal. June 25, 2014) .................................................................4

*White v. Geren*,
  310 Fed. App'x. 159 (9th Cir. 2009) .............................................................................12

*Whitley v. Wells Fargo Bank, N.A.*,
  2008 WL 11343453 (W.D. Wash. June 2, 2008) ............................................................5

**Washington Cases**

*Adler v. Fred Lind Manor*,
  153 Wn.2d 331 (2004) ...................................................................................................10

*McKee v. AT & T Corp.*,
  164 Wn.2d 372 (2008) .....................................................................................................6

*Tjart v. Smith Barney*,
  107 Wn. App. 885 (2001) ................................................................................................7

*Walters v. A.A.A. Waterproofing, Inc.*,
  151 Wn. App. 316 (2009) ..............................................................................................10

*Zuver v. Airtouch Commc'ns, Inc.*,
  153 Wn.2d 293 (2004).........................................................................................5, 6, 8, 9

**Federal Statutes**

9 U.S.C. §§ 3, 6 .....................................................................................................................2

28 U.S.C. § 1404(a) ..............................................................................................................3

42 U.S.C. § 2000e–5(e)(1) ....................................................................................................9

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - iii
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

**Washington Statutes**

RCW 49.60.230(2) .................................................................................................................9

3

**Other Authorities**

4

Restatement (Second) of Conflict of Laws § 187 (1971)..............................................6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - iv
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## I.    SUMMARY OF REPLY

2      The Court should grant United Rentals' Motion to Compel Arbitration and to Dismiss.

3  Powell does not contest many of the issues central to that Motion.  Instead, Powell asserts only

4  four arguments—each of which lacks merit.  ***First***, Powell contends the Arbitration

5  Agreement's choice-of-venue clause—which neither party has sought to enforce—deprives this

6  Court of authority to rule upon the Motion.  It does not under well-settled law.  ***Second***, Powell

7  argues that this Court should address gateway issues despite the parties' incorporation of the

8  AAA rules because, he says, district courts within the Ninth Circuit "overwhelmingly

9  conclude" that *Brennan v. Opus Bank* extends only to sophisticated parties.  796 F.3d 1125 (9th

10  Cir. 2015).  Although some decisions have reached that conclusion, most courts have held

11  *Brennan* applies equally to any party.  ***Third***, relying on the flawed position that it is

12  appropriate for this Court to consider the issue rather than an AAA arbitrator, Powell argues the

13  Arbitration Agreement is both procedurally and substantively unconscionable, but he falls far

14  short of meeting his burden to establish either defense.  ***Finally***, Powell contends the Court

15  should not dismiss the class and collective claims because a new named plaintiff could be

16  substituted, but he fails to identify any such individual even though the case has now been

17  pending for 13 months.  The Court should compel Powell to individual arbitration and dismiss

18  his individual claims along with the putative class and collective claims.

19

## II.    ARGUMENT

20  ### A.    United Rentals' Motion is Largely Unopposed.

21      Powell does not contest several of the arguments central to United Rentals' Motion,

22  thereby conceding that: (1) the FAA applies to the Arbitration Agreement (Dkt. No. 62 at 11:4–

23  27); (2) the Arbitration Agreement was formed through an offer, acceptance of that offer, and is

24  supported by consideration (*id.* at 13:1–14:6); (3) Powell's claims fall within the Arbitration

25

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
 (2:17-cv-01573-JLR) - 1
    4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Agreement's scope (*id.* at 14:7–22); and (4) any arbitration must proceed on an individual basis (*Id.* at 14:23–15:18).[1]  He fares no better on the issues he contests.

**B.**      **The Choice-of-Venue Clause Does Not Limit the Court's Authority.**

The Court should reject Powell's unsupported argument that the Arbitration Agreement's choice-of-venue clause limits this Court's authority to rule upon United Rentals' Motion for two reasons.  Dkt. No. 66 at 11:11–12:6.  ***First***, "[p]rivate parties cannot defeat the subject matter jurisdiction of the federal courts by means of a forum-selection clause, any more than they could, by the same means, *confer* such jurisdiction on this court in a case in which diversity or a federal question were lacking." *Licensed Practical Nurses, Technicians & Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 402–03 (S.D.N.Y. 2000) (emphasis in original); *accord M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972) ("No one seriously contends in this case that the forum selection clause 'ousted' the District Court of jurisdiction over Zapata's action."); *Godsey v. Miller*, 9 Fed.Appx. 380, 383 (6th Cir.2001) ("[T]he issue of a forum selection clause is an independent contractual concern created by the actions of the parties, and is not linked to the inherent subject-matter jurisdiction of the court."); *Perini Corp. v. Orion Ins. Co.*, 331 F. Supp. 453, 455 (E.D. Cal. 1971) ("No individual, whether by contract or otherwise, can deprive the Court of the jurisdiction which Congress confers upon it.").  This Court has possessed subject matter jurisdiction over this case since it was filed.  Further, the FAA expressly provides this Court with statutory authority to consider United Rentals' Motion by requiring that a defendant seek to enforce an arbitration agreement by motion "[in] the court in which such suit is pending."  9 U.S.C. §§ 3, 6.  The Arbitration Agreement's forum-selection clause does not—and cannot— abridge that jurisdiction or authority.[2]  And Powell cites no case reaching that conclusion.

---

[1] *Selliken v. Country Mut. Ins. Co.*, 2013 WL 4759083, at *3 (E.D. Wash. Sept. 4, 2013) (failure to address an argument operates as concession).

[2] *See also Cont'l Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (9th Cir. 1941) ("The [plaintiff], having invoked the jurisdiction of the United States District Court for Oregon is hardly in a position to complain that it has exercised that jurisdiction in accordance with the statute giving it jurisdiction.").

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 2
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**Second**, Powell has waived any benefit of the forum selection clause by not seeking to transfer venue under 28 U.S.C. § 1404(a) based on the Arbitration Agreement's choice-of-venue clause.[3]  United Rentals also chose to not enforce that choice-of-venue clause for the convenience of the parties.  Powell lives in Washington, his employment occurred in Washington, and the parties have retained counsel in Washington.

The result of the parties mutually declining to enforce the choice-of-venue clause is merely a waiver of their respective rights under that clause—just as the parties may waive any other clause in a contract.  *See, e.g.*, *BBC Chartering & Logisitic, GmbH & Co. v. Vestas Am. Wind Tech., Inc.*, 2009 WL 1812251, at *2 (W.D. Wash. June 23, 2009) ("A party may unilaterally waive any provision of a contract or statute that is intended for that party's benefit.  Forum selection clauses, however, generally benefit both parties.") (citations omitted); *Baosteel Am., Inc. v. M/V "OCEAN LORD"*, 257 F. Supp. 2d 687, 689 n.1 (S.D.N.Y. 2003) ("[T]his language only states the obvious fact that contracting parties may mutually agree to waive a forum selection clause.").

Indeed, Powell cites no case holding a court cannot enforce an arbitration agreement despite a choice-of-venue clause where, as here, neither party has sought to transfer venue. This Court therefore has jurisdiction to decide this fully-briefed motion.

### C.    The Arbitration Agreement Delegates Gateway Issues to the Arbitrator.

The Arbitration Agreement's incorporation of the AAA's Employment Arbitration Rules and Mediation Procedures delegated questions of arbitrability to the arbitrator as a matter of law, irrespective of Powell's level of sophistication.  Dkt No. 63 at 13; Dkt. No. 64 at 12. While *Brennan* did not specifically decide whether incorporating the AAA rules in a contract between unsophisticated parties delegated gateway issues to the arbitrator, the decision contains no suggestion its holding should be so constrained:

---

[3] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013) ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.").

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 3
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

> Our holding today **should not be interpreted** to require that the contracting parties be sophisticated or that the contract be "commercial" before a court may conclude that incorporation of the AAA rules constitutes "clear and unmistakable" evidence of the parties' intent. Thus, our holding does not foreclose the possibility that this rule could also apply to unsophisticated parties or to consumer contracts. Indeed, the vast majority of the circuits that hold that incorporation of the AAA rules constitutes clear and unmistakable evidence of the parties' intent do so without explicitly limiting that holding to sophisticated parties or to commercial contracts.

796 F.3d at 1130–31 (emphasis added).

It is true that several district courts have failed to heed the Ninth Circuit's directive. Dkt. No. 66 at 13:20–14:5.  However, Powell is mistaken that district courts within the Ninth Circuit "overwhelmingly conclude that this incorporation rule does not apply when a party to the contract is an unsophisticated consumer or employee." *Id.* at 13:17–20.  "[T]he greater weight of authority has concluded that the holding of [*Brennan*] applies similarly to non-sophisticated parties." *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *5 (C.D. Cal. Dec. 27, 2016) (citations omitted) (adopting majority position).  "This is for good reason. *Brennan* expressly cautioned that its holding should not be understood to 'foreclose the possibility that this rule could also apply to unsophisticated parties.'" *McLellan v. Fitbit, Inc.*, 2017 WL 4551484, at *2 (N.D. Cal. Oct. 11, 2017) (quoting *Brennan*, 796 F.3d at 1130–31); *accord Fruth v. AGCS Marine Ins. Co.*, 2016 WL 6806368, at *3 (N.D. Cal. Mar. 31, 2016) ("The Ninth Circuit was crystal clear in emphasizing that '[o]ur holding today should not be interpreted to require that the contracting parties be sophisticated.'") (quoting *Brennan*, 796 F.3d at 1130) (alterations in original).

Powell cites to five district court decisions to support his contention that the Ninth Circuit's district courts "overwhelmingly conclude" that *Brennan's* holding does not extend to unsophisticated parties.  Dkt. No. 66 at 13:20–14:5.  A review of Powell's cases reinforces that he is mistaken.  One of those decisions predates *Brennan*. *See Tompkins v. 23andMe, Inc.*, 2014 WL 2903752 (N.D. Cal. June 25, 2014).  Another was reversed by the Ninth Circuit on

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
 (2:17-cv-01573-JLR) - 4
 4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the very proposition for which Powell cites the opinion.  *See Galilea, LLC v. AGCS Marine Ins. Co.*, 2016 WL 1328920, at *4 (D. Mont. Apr. 5, 2016), *aff'd in part, rev'd in part and remanded*, 879 F.3d 1052 (9th Cir. 2018) (finding both parties were sophisticated and therefore declining to decide whether *Brennan* applies to unsophisticated parties).

Powell also argues that the parties' incorporation of the AAA rules does not clearly and unmistakably delegate gateway issues to the arbitrator because the choice-of-venue clause creates confusion.  Not so.  The choice-of-venue clause does not mention the word "arbitrability" or any synonyms.  Dkt. No. 64 at 13.[4]

Therefore, the Court need go no further and should compel Powell's claims to arbitration.

### D.  The Arbitration Agreement is Neither Procedurally Nor Substantively Unconscionable under Washington Law.

Even if the Court were to address Powell's unconscionability arguments, it should still grant United Rentals' Motion because Powell fails to meet his burden to show that the Arbitration Agreement is unconscionable.  *Cockerham v. Sound Ford, Inc.*, 2006 WL 2841881, at *1 (W.D. Wash. Sept. 29, 2006) (Robart, J.) (citations omitted) ("The party resisting arbitration bears the burden of proving such a defense.").  Washington courts "recognize[] two categories of unconscionability, substantive and procedural." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 303 (2004) (citations omitted).  A party challenging a contract may do so on either basis.  *Whitley v. Wells Fargo Bank, N.A.*, 2008 WL 11343453, at *3 (W.D. Wash. June 2, 2008) (citations omitted).  The Arbitration Agreement is neither.

### 1.  Powell Fails to Demonstrate Procedural Unconscionability.

Under Washington law, procedural unconscionability is "the lack of meaningful choice, considering all the circumstances surrounding the transaction." *Zuver*, 153 Wn.2d at 303 (citations and quotations omitted).  Powell's procedural unconscionability argument rests on his

---

[4] Similarly unavailing is Powell's invocation of the void-for-vagueness doctrine because neither party is making a due process challenge to a statute.  Dkt. No. 66 at 14:24–28 (citing *Am. Legion Post #149 v. Washington State Dep't of Health*, 164 Wn.2d 570, 612 (2008) (describing void-for-vagueness doctrine)).

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 5
4817-1411-3666v.8 0110505-000001

assertion that the Arbitration Agreement "is an adhesion contract." Dkt. No. 66 at 15:24–17:5. That is not enough for procedural unconscionability—as both this Court and the Washington State Supreme Court have recognized. *Cockerham*, 2006 WL 2841881, at \*1 (holding a standard form adhesion contract offered to an employee on a "'take it or leave it'" basis "is not . . . dispositive on the question of procedural unconscionability.") (citations omitted); *Zuver*, 153 Wn.2d at 305 ("Washington courts have long held that the fact that unequal bargaining power exists will not, standing alone, justify a finding of procedural unconscionability.") (citations omitted).[5]

Under *Zuver*, a party challenging an arbitration agreement on the basis of procedural unconscionability must "[a]t minimum" provide evidence that (1) the employer refused to respond to his questions or concerns, (2) the employer placed "undue pressure" upon the employee to sign the agreement without providing a reasonable opportunity to consider its terms, or (3) that the terms of the agreement were "hidden in a maze of fine print." 153 Wn.2d at 303, 306–07 (citations omitted). Powell does not provide any evidence or argument addressing the first two bases. Instead, the only evidence in the record shows Powell could contact United Rentals with any questions he had about the Arbitration Agreement, which he could review for as long as he wished before executing.[6]

Powell makes only a cursory argument regarding the third basis, contending "[t]he key terms of the Agreement are buried in dense legal language. In fact, the Agreement is not even prefaced by a title to indicate that it is an arbitration agreement." Dkt. No. 66 at 16:2–10. That is untrue. The Arbitration Agreement is a one-and-a-half page stand-alone document printed in normal-sized font and written in plain language.

---

[5] Powell's arguments regarding Restatement (Second) of Conflict of Laws § 187 (1971) are not helpful. Dkt. No. 66 at 16:25–28. The parties do not dispute that Washington law applies to Powell's claims and the Arbitration Agreement. *McKee v. AT & T Corp.*, 164 Wn.2d 372, 384 (2008) (applying section 187 to dispute over contractual choice-of-law provision). Therefore, there are no choice-of-law issues to analyze.

[6] Dkt. No. 64 at ¶¶ 8, 10 (Marzulla Declaration explaining Powell was provided with United Rentals' contact information during the application process and that he "could take as long as he wanted to review the one-and-a-half page arbitration agreement.").

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 6
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Moreover—and contrary Powell's assertion—the Arbitration Agreement is denominated in bold font as "**The Mutual Agreement to Arbitrate**."  Dkt. No. 64 at 12–13. The first page also states in bold capital letters "**PLEASE REVIEW THIS SCREEN CAREFULLY BECAUSE IT CONTAINS BINDING CONTRACTUAL TERMS THAT AFFECT YOUR LEGAL RIGHTS.  BY SELECTING THE 'I ACCEPT' BUTTON BELOW YOU ARE AGREEING TO BE BOUND TO ALL THE TERMS CONTAINED ON THIS SCREEN**."  *Id.* at 12.  While the Arbitration Agreement is a legal document communicating legal concepts, its key terms are hardly "buried in dense legal language."  *Id.* at 12–13.  For example, the signature page clearly states "By entering into this Agreement, you are giving up certain rights, including the right to file a lawsuit in a court of law or have a jury trial."  *Id.* at 13.

Powell also contends he does not remember executing the Arbitration Agreement and did not receive the AAA arbitration rules.  Dkt No. 66-1 at ¶¶ 6–9.  That assertion, however, does not relieve Powell of his contractual obligations.  *See Sprinkle v. Gen. Dynamics Land Sys.*, 2010 WL 1330328, at \*9 (W.D. Wash. Mar. 30, 2010) (rejecting plaintiffs' procedural unconscionability arguments that "they do not remember signing the agreements to arbitrate; they did not know that they were agreeing to arbitrate discrimination claims; no one explained the DRP to them; and they did not receive a copy of the Dispute Resolution Handbook until their terminations.") (citations omitted); *accord Tjart v. Smith Barney,* 107 Wn. App. 885, 897 (2001) ("One who accepts a written contract is conclusively presumed to know its contents and to assent to them, in the absence of fraud, misrepresentation, or other wrongful act by another contracting party.").

Courts confronting similar facts consistently have found that the agreements are not procedurally unconscionable.  In *Cockerham*, this Court rejected the plaintiff's procedural unconscionability argument where the plaintiff failed to "allege that any particular Sound Ford employee threatened her job if she failed to sign the documents within a certain time frame or

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
 (2:17-cv-01573-JLR) - 7
 4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   that anyone refused to answer her questions."  2006 WL 2841881, at *2; *accord Zuver*, 153

2   Wn.2d at 306 ("She had ample opportunity to contact counsel or even Airtouch with any

3   concerns or questions she might have had about the terms of the agreement.  She did neither.")

4   (citations omitted).  Turning to the arbitration agreement itself, the Court noted "[it] is a

5   relatively short (four-page) stand-alone document, printed in normal-sized font; the front page

6   bears a descriptive title in capital letters, and the last page includes a warning in capital letters

7   cautioning the employee to read the document prior to signing it."  *Id.* at *1.  Here, the one-

8   and-a-half page stand-alone Arbitration Agreement is, if anything, shorter and more digestible

9   than the arbitration agreement in *Cockerham*.  *See Huang v. Washington Mut. Bank*, 2008 WL

10  4103918, at *5 (W.D. Wash. Aug. 25, 2008) (rejecting challenge and "not[ing] that the

11  document itself is only two pages long.").

12              **2.       Powell Fails to Demonstrate Substantive Unconscionability.**

13          Powell acknowledges this contract defense requires him to demonstrate that the

14  Arbitration Agreement's terms are "overly or monstrously harsh, [] one sided, or [] exceedingly

15  calloused."  Dkt. No. 66 at 17:7–11 (citing *Hill v. Garda CL Nw., Inc.*, 179 Wn.2d 47, 55

16  (2013)).  Yet Powell fails to come close to making the requisite showing.

17          ***First***, Powell argues the Arbitration Agreement is substantively unconscionable

18  because, he claims, "the limitations period for arbitrating claims is significantly shorter than the

19  statute of limitations for filing a private lawsuit."  Dkt. No. 66 at 17:17–20.  The provision at

20  issue is under the section entitled "**The Arbitration Process**" and states

21              Any claim for arbitration will be timely only if brought within the
                time in which an administrative charge or complaint would have
22              been filed if the claim is one which could be filed with an
                administrative agency.  If the arbitration claim raises an issue
23              which could not have been filed with an administrative agency,
                then the claim must be filed within the time set by the appropriate
24              statute of limitations.

25  Dkt. No. 64 at 12.

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
 (2:17-cv-01573-JLR) - 8
    4817-1411-3666v.8 0110505-000001

                                    Davis Wright Tremaine LLP
                                          LAW OFFICES
                                    920 Fifth Avenue, Suite 3300
                                    Seattle, WA  98104-1610
                                206.622.3150 main · 206.757.7700 fax

1    This provision is intended to provide the parties to the Agreement with the same amount

2    of time to file a claim for arbitration as the law would otherwise allow for the claim's

3    prosecution outside of the arbitration process.  Powell contends this provision "requires Powell

4    to potentially forego the opportunity to file his complaint and have that complaint investigated

5    and mediated by the EEOC or Washington Human Rights Commission (WHRC), and instead

6    timely pursue his claims against Defendant at arbitration."  Dkt. 66 at 18:1–14 (citations

7    omitted).  That is inapposite because the wage-and-hour claims Powell asserts are not subject to

8    either the EEOC's of WHRC's jurisdiction.  *See* RCW 49.60.230(2); 42 U.S.C. § 2000e–

9    5(e)(1).  Further, the Arbitration Agreement expressly provides that "this Agreement does not

10   prohibit the filing of an administrative charge with a federal, state, or local administrative

11   agency."  Dkt. No. 64 at 12.  In any event, to the extent this provision ***could*** be construed to

12   abridge Powell's rights under any applicable statute of limitations, United Rentals specifically

13   commits to affording Powell the same limitations period that would apply in court.  *Zuver*, 153

14   Wn.2d at 309–10 (defendant mooted plaintiff's substantively unconscionability argument by

15   offering to "'defray the cost of arbitration' by paying arbitration fees."); *Cockerham*, 2006 WL

16   2841881, at *2 (same).

17      ***Second***, Powell's argument that "the Agreement is one-sidedly drafted by Defendant in

18   favor of Defendant" is both factually inaccurate and legally baseless.  Dkt. No. 66 at 18:15–20.

19   Powell contends "[t]he potential claims listed as examples in the Agreement apply only to

20   disputes brought by employees, and not to disputes brought by Defendant against its

21   employees."  *Id.*  However, the Arbitration Agreement's section entitled "**The Mutual**

22   **Agreement to Arbitrate**" clearly states that Powell and United Rentals "are mutually required

23   to arbitrate any and all disputes that could be brought in a court" that arise from Powell's

24   employment with United Rentals.  Dkt. No. 64 at 12.  The Arbitration Agreement lists as

25   examples claims that could be brought by either party, including claims based upon "any other

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
  (2:17-cv-01573-JLR) - 9
  4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

federal, state, or local law, ordinance or regulation, or based on any public policy, contract, tort, or common law." *Id.*

Powell's assertion that "Defendant conveniently carves out claims not subject to arbitration to its own benefit" is similarly without factual substantiation or legal merit. Dkt. No. 66 at 18:19–25. Powell argues the Agreement excludes from its ambit "claims for trade secret and confidentiality – claims which only employers would bring." *Id.* The Arbitration Agreement, however, also excludes claims that only employees would bring, including claims for workers' compensation benefits, claims for unemployment compensation, and claims based upon pension plans. Dkt. No. 64 at 12. The Arbitration Agreement additionally excludes claims that could be brought by either employers or employees, including claims covered by a written employment agreement and lawsuits for "temporary/preliminary injunctive relief." *Id.* Courts routinely enforce arbitration agreements with similar carve outs. *E.g.*, *Sprinkle*, 2010 WL 1330328, at *10 (rejecting challenge to agreement that excluded disputes "related to workers' compensation; unemployment compensation; intellectual property and trade secrets; and claims under any benefit plan, pension plan, or other agreement that has its own dispute resolution process.") (citing *Walters v. A.A.A. Waterproofing, Inc.,* 120 Wn. App. 354, 360, 361 (2004)); *see also id.* ("Because Plaintiffs and Defendant are all bound by the DRP Agreement, and because Plaintiffs and Defendant are all limited in the claims that they can bring outside of arbitration, the Court finds that the DRP Agreement does not lack mutuality.").[7]

Powell therefore fails to meet his burden to prove unconscionably and should be compelled to individual arbitration.

---

[7] Powell fails to demonstrate that any provision of the Arbitration Agreement is unconscionable. However, even if Powell's arguments had merit, "the court may enforce the remainder of the contract without the unconscionable clause" even in the absence of a severability clause. *Walters v. A.A.A. Waterproofing, Inc.*, 151 Wn. App. 316, 329–30 (2009). "Application of this rule facilitates the accomplishment of important federal and state public policies favoring arbitration of disputes." *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 359 (2004).

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
 (2:17-cv-01573-JLR) - 10
 4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**E.    The Court Should Dismiss Powell's Individual Claims and the Putative Class and Collective Claims.**

After compelling Powell's claims to arbitration, the Court should dismiss Powell's individual claims.  Dkt. No. 62 at 15:19–16:9.  Indeed, Powell does not provide any argument or authority to support his naked request that his individual claims not be dismissed.  *See* Dkt. No. 66 at 20:5–21:10.  That leaves the case, for a second time, without a representative for the putative class and collective.  In fact, the only remaining person in the action is Ricardo Castillo, who previously represented to the Court that "I can no longer act as a Named Plaintiff and represent the interests of the putative Class and Collective."  Dkt. No. 44–4 at ¶ 4.  Powell asks the Court not to dismiss the class and collective claims so that his counsel can attempt to locate a third purported class and collective representative.

In support of that request, Powell cites cases that allowed a plaintiff to substitute another opt-in as the named plaintiff.  Dkt. No. 66 at 20:21–21:6 (citing *Myers v. TRG Customer Sols., Inc.*, 2017 WL 5478398, at *7 (M.D. Tenn. Nov. 15, 2017); *Hose v. Henry Indus., Inc.*, 2016 WL 2755809, at *8 (D. Kan. May 12, 2016); *Lucas v. JBS Plainwell, Inc.*, 2012 WL 12854880 (W.D. Mich. Mar. 8, 2012)).  Those cases are inapposite where, as here, the only opt-in plaintiff besides Powell has already withdrawn as the named plaintiff and Powell has not identified any named plaintiff to take his place.

Nor does this Court's prior order allowing Powell to substitute into the case support Powell's request here.  There, Powell's counsel argued that "Plaintiff's counsel is not requesting that the Court afford Plaintiff additional time to engage in a fishing expedition to seek out a new class representative because Plaintiff's claims are moot.  Plaintiff's counsel has been retained by Mr. Powell, who is ready to substitute Mr. Castillo as named Plaintiff according to Mr. Castillo's wishes."  Dkt. No. 50 at 8:1–5.  The Court accepted this rationale, holding that "Mr. Castillo's counsel 'is able to produce a proposed substitute immediately'— indeed, Mr. Powell has already opted into the action.  The court concludes that in such circumstances, Mr. Castillo can be replaced as the named plaintiff."  *Castillo v. United Rentals*

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
  (2:17-cv-01573-JLR) - 11
  4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  *(N. Am.), Inc.*, 2018 WL 3429936, at *3 (W.D. Wash. July 16, 2018) (citations omitted).  Those

2  same facts are not present here.  Powell's counsels' speculation that they may find another

3  substitute class and collective representative does not change the fact that, after Powell is

4  dismissed, the case lacks a representative on the class and collective claims.  Without such a

5  representative, the putative class and collective claims should be dismissed.  *See White v.*

6  *Geren*, 310 Fed. App'x. 159, 160 (9th Cir. 2009) (affirming district court's dismissal of class

7  claims where complaint lacked adequate class representative).

8  ### III.    CONCLUSION

9      Powell fails to demonstrate that the Court lacks authority to rule upon United Rentals'

10  Motion.  Powell also fails to meet his burden of demonstrating that the Arbitration Agreement

11  was either procedurally or substantively unconscionable.  Therefore, United Rentals

12  respectfully requests that the Court enter an order (1) compelling Powell to submit to binding

13  arbitration the claims he asserts in the TAC, and (2) dismissing his individual claims and the

14  putative class and collective claims in the absence of an adequate representative plaintiff.

15

16      DATED this 7th day of December, 2018.

17                                           Davis Wright Tremaine LLP
                                             Attorneys for Defendant
18

19                                           By */s/ Sheehan Sullivan*
                                                Sheehan Sullivan, WSBA #33189
20                                              Ryan C. Hess, WSBA #50738
                                                Arthur A. Simpson, WSBA #44479
21                                              920 Fifth Avenue, Suite 3300
                                                Seattle, WA  98104-1610
22                                              Telephone: (206) 622-3150
                                                Fax:  (206) 757-7700
23                                              E-mail:  sheehansullivan@dwt.com
                                                E-mail:  ryanhess@dwt.com
24                                              E-mail:  arthursimpson@dwt.com

25

26

27

UNITED RENTALS' REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION
(2:17-cv-01573-JLR) - 12
4817-1411-3666v.8 0110505-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

CERTIFICATE OF SERVICE

2

    I hereby certify that on December 7, 2018, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system, which will send notification of such filing to

4

those attorneys of record registered on the CM/ECF system.

5

6

    DATED this 7th day of December, 2018.

7

8

9

                    By  /s/ Margaret C. Sinnott
10                      Margaret C. Sinnott

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
4817-1411-3666v.8 0110505-000001