1

2

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

SEAN POWELL,

                       Plaintiff,

       v.

UNITED RENTALS (NORTH
AMERICA), INC.,

                 Defendant.

CASE NO. C17-1573JLR

ORDER SCHEDULING ORAL
ARGUMENT

15

16

17

18

19

20

21

22

     The court hereby SCHEDULES oral argument on Defendant United Rentals

(North America), Inc.'s ("United Rentals") motion to compel arbitration for Wednesday,

March 6, 2019, at 11:00 a.m. (Mot. (Dkt. # 62).) The court DIRECTS the parties to

come prepared to discuss the following issues:

     Is United Rentals' motion to compel arbitration properly before this court? The

arbitration agreement at issue ("the Agreement") vests the courts of Fairfield County,

Connecticut and the District of Connecticut with "exclusive jurisdiction" to determine

matters concerning "[t]he interpretation and enforcement of the terms" of the Agreement. (Marzulla Decl. (Dkt. # 64) ¶ 4, Ex. A ("Agreement") § D.)  Plaintiff Sean Powell argues that, in light of this clause, only a state or federal court in Connecticut may determine the threshold issues of arbitrability the parties have put before this court.  (Resp. (Dkt. # 66) at 1, 5-6.)  United Rentals disputes that argument on the ground that private parties cannot deprive a court of subject matter jurisdiction over a controversy by means of a choice-of-venue or forum selection clause.  (Reply (Dkt. # 68) at 2.)  The court is satisfied that it has subject matter jurisdiction over the underlying action and statutory authority under the Federal Arbitration Agreement ("FAA"), 9 U.S.C. § 1, *et seq.*, to entertain United Rentals' motion to compel arbitration.  *See* 9 U.S.C. §§ 3, 4.  However, the court seeks argument from the parties as to:  (1) the interaction, if any, between the clause in the Agreement that vests courts in Connecticut with exclusive jurisdiction to interpret and enforce the Agreement, on the one hand, and the Agreement's alleged incorporation of the rules of the American Arbitration Association, which delegate threshold issues of arbitrability to an arbitrator, on the other (*see* Agreement § D; Simpson Decl. (Dkt. # 63) ¶ 5, Ex. B at 17); (2) whether the clause that vests courts in Connecticut with exclusive jurisdiction to interpret and enforce the Agreement should be treated as a forum selection clause; and (3) whether the parties have functionally "waived any benefit" of that clause, as United Rentals suggests (*see* Reply at 3).

In addition, the court DIRECTS the parties to consider whether the following is relevant to the court's adjudication of United Rentals' motion to compel arbitration:  Under the FAA, 9 U.S.C. § 4, a district court may order arbitration only within the

district in which the petition to compel arbitration was filed. *See, e.g.*, *Lexington Ins. Co.*

*v. Centex Homes*, 795 F. Supp. 2d 1084, 1091 (D. Haw. 2011) (citing *Cont'l Grain Co. v.*

*Dant & Russell, Inc.* 118 F.2d 967, 968-69 (9th Cir. 1941)); *see also Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) (noting that "the

mandatory language [of 9 U.S.C. § 4] ties the location of arbitration to the district in

which the motion to compel is brought"). Accordingly, under the FAA, the District of

Connecticut could not compel arbitration according to the terms set forth in the

Agreement, *i.e.*, that arbitration occur within 50 miles of the place where Mr. Powell last

worked for United Rentals. (*See* Agreement § D); 9 U.S.C. § 4. Because the parties have

not briefed this issue, the court asks the parties to come prepared to discuss its relevance,

if any, to the court's decision on United Rentals' motion to compel arbitration.

Dated this 1st day of March, 2019.

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 3